326 So.2d 249 (1976)
CROSS-AERO CORPORATION et al., Appellants,
v.
CROSS-AERO SERVICE CORPORATION et al., Appellees.
No. 74-1775.
District Court of Appeal of Florida, Third District.
February 3, 1976.
Miller & Russell, Richard M. Gale, Miami, for appellants.
Michael M. Tobin and Stephen K. Katz, Coral Gables, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
NATHAN, Judge.
Cross-Aero Corporation and Frank J. Crawford, plaintiffs in the trial court, appeal from a final order compelling settlement in an action for damages against defendants Cross-Aero Service Corporation and Dean Franklin, appellees herein, for alleged breach of interim agreements, interference with government contracts, and slander of credit and good will, among other charges. The order required the plaintiffs to carry out the terms of an alleged settlement agreement with the defendants.
The pertinent facts are that on the day before the scheduled final hearing of this cause, counsel for the defendants, in the presence of the trial judge, contacted counsel for the plaintiff by telephone in order *250 to determine whether a settlement could be reached. When the conversation was concluded, defense counsel announced that the case was settled. At the time of the telephone conversation, defense counsel had already drafted an unexecuted settlement agreement.
Neither of the attorneys appeared for trial on the following day. Some 15 or 20 days following the trial date, plaintiffs' counsel advised the defendants that the settlement was off because certain equipment which was to be turned over to the plaintiffs was destroyed or lost, and the valuation of other items was still in dispute. The defendants filed a motion to compel settlement. At the hearing, the trial judge heard only the unsworn statements of counsel as to whether a settlement was reached. Plaintiffs' counsel admitted that the parties were close to settlement, but stated that he did not have his clients' authority to settle, and further that settlement was impossible because of the defendants' inability to comply with the terms of the agreement. The trial court entered an order compelling settlement, but wisely retained jurisdiction to decide damages that might be sustained by either party to the settlement by way of the other's non-compliance therewith.
In this appeal, the plaintiffs contend that an attorney has no authority to settle a case without the express authority of his client except in an emergency situation. The defendants agree with this proposition of law, but argue that since neither the plaintiffs nor the defendants, nor either counsel, appeared on the following day for the trial, and since the plaintiffs did not renege on the settlement agreement until some 20 days after making the alleged settlement, the trial court did not err in entering the order compelling compliance with the settlement agreement.
We are in agreement with the position of the plaintiffs. The party seeking a judgment on compromise and settlement has the burden of establishing assent by the opposing party. Goff v. Indian Lake Estates, Inc., Fla.App. 1965, 178 So.2d 910. The mere employment of an attorney to represent a client with respect to litigation or other matters does not of itself give the attorney the implied or apparent authority to compromise or settle his client's cause of action. Palm Beach Royal Hotel, Inc. v. Breese, Fla.App. 1963, 154 So.2d 698. An exception to this rule is a situation in which the attorney is confronted with an emergency which requires prompt action to protect his client's interests and the situation is such that consulation with the client is impossible. Bursten v. Green, Fla.App. 1965, 172 So.2d 472. There is, of course, no objection to the client giving his attorney special or express authority to compromise or settle his cause of action, but such authority must be clear and unequivocal. Bursten v. Green, supra. An unauthorized compromise, executed by one's attorney, however, unless subsequently ratified, is of no effect and may be repudiated or ignored and treated as a nullity by one in whose behalf it was executed. Palm Beach Royal Hotel, Inc. v. Breese, supra; State Department of Transportation v. Plunske, Fla.App. 1972, 267 So.2d 337.
Our review of the record failed to indicate that there was an emergency situation, or that plaintiffs' counsel had authority to settle or that the plaintiffs ratified the agreement. Accordingly, we reverse the order compelling settlement and remand the cause to the trial court for further proceedings consistent herewith.
Reversed and remanded with directions.