345 So.2d 822 (1977)
Renita Penfield NEHLEBER, Appellant,
v.
Mario Philip ANZALONE, Appellee.
No. 76-502.
District Court of Appeal of Florida, Fourth District.
April 29, 1977.
James A. Smith, of Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, Miami, for appellant.
Howard Todd Jaffee of Kaplan, Jaffee & Associates, Hollywood, for appellee.
ALDERMAN, Judge.
Mario Anzalone sued Renita Nehleber and obtained judgment in the amount of $2,225.00 for damages allegedly suffered by him as a result of her negligence. Mrs. Nehleber appeals, contending that the trial court erred in not entering judgment in her favor based upon her affirmative defense of release. Mr. Anzalone, on the other hand, not being satisfied with the amount of his judgment, has cross-appealed seeking a new trial.
In the main appeal we hold that the trial court was correct in rejecting the affirmative defense of release. In reference to this issue, it appears that the culprit is James Taylor, Mr. Anzalone's former attorney, who, without the knowledge or consent of his client, negotiated a settlement with Mrs. Nehleber's insurance company, accepted a $6,000.00 check, forged his client's endorsement, cashed the check, and absconded with the funds.
The rules of law applicable to this issue may be summarized as follows:
(1) A party seeking judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party. Goff v. Indian *823 Lake Estates, Inc., 178 So.2d 910 (Fla.2d DCA 1965). (The record affirmatively shows that Mr. Anzalone did not assent to or have knowledge of the $6,000.00 settlement offer.)
(2) The mere employment of an attorney does not of itself give the attorney the implied or apparent authority to compromise his client's cause of action. Palm Beach Royal Hotel, Inc. v. Breese, 154 So.2d 698 (Fla.2d DCA 1963). (The fact that Mr. Anzalone hired James Taylor to represent him in this case did not give the attorney the implied or apparent authority to compromise his client's cause of action.)
(3) An exception to the general rule is a situation in which the attorney is confronted with an emergency which requires prompt action to protect his client's interest and consultation with the client is impossible. Bursten v. Green, 172 So.2d 472 (Fla.2d DCA 1965). (There is no showing of an emergency which would have required prompt action on the part of the attorney in this case to protect his client's interest.)
(4) A client may give his attorney special or express authority to compromise or settle his cause of action, but such authority must be clear and unequivocal. Bursten v. Green, supra. (Mr. Anzalone gave no such authority to his former attorney.)
(5) An unauthorized compromise, executed by an attorney, unless subsequently ratified by his client, is of no effect and may be repudiated or ignored and treated as a nullity by the client. Palm Beach Royal Hotel, Inc. v. Breese, supra; State Department of Transportation v. Plunske, 267 So.2d 337 (Fla. 4th DCA 1972). (There was no ratification by Mr. Anzalone. By proceeding to trial on his original complaint, he clearly repudiated the unauthorized compromise negotiated by his former attorney.)
The fact that the $6,000.00 check was delivered to Mr. Anzalone's attorney does not change the situation. Just as the attorney had no authority to settle the case without his client's consent, neither did he have the authority to cash the settlement check without his client's consent. Mrs. Nehleber's insurance company is not without a remedy. It can look to its bank to recover the money improperly paid by the bank on the forged endorsement. The bank in turn may have a cause of action against the attorney who forged the endorsement and actually received the $6,000.00.
Turning now to the cross-appeal; it appears that Mr. Anzalone would have been better off if he had received the $6,000.00, because when the case was tried the jury returned a verdict in his favor for only $2,250.00. We have considered the points raised by the cross-appeal and find no reversible error.
AFFIRMED.
MAGER, C.J., and DAUKSCH, J., concur.