476 So.2d 796 (1985)
VANTAGE BROADCASTING COMPANY, Appellant,
v.
WINT RADIO, INC., Appellee.
No. BE-333.
District Court of Appeal of Florida, First District.
October 18, 1985.
*797 David B. Buerger, Pittsburgh, Pa., for appellant.
Andrew J. Decker, III of Airth, Sellers, Lewis & Decker, Live Oak, for appellee.
BARFIELD, Judge.
Vantage Broadcasting appeals from the trial court's order denying its motion for relief under Fla.R.Civ.P. 1.540(b). We reverse.
WINT Radio, Inc. brought an action against Vantage to recover on a promissory note for which, WINT alleged, Vantage was in default on its payments. Vantage answered and raised affirmative defenses and retained Baxley to handle its defense. Shortly thereafter, Baxley stipulated with opposing counsel to an amount due on the note. A final judgment was subsequently entered in favor of plaintiff for the stipulated amount plus interests, costs, and attorney's fees.
Three months later, appellant filed the 1.540(b) motion here at issue, seeking relief from judgment because its counsel failed to follow instructions by not litigating the defenses and by entering into the stipulation. An evidentiary hearing was held where the testimony was sharply in conflict. David Buerger and Diane Buerger, two of Vantage's principals, testified that Baxley acted directly contrary to his instructions. Baxley testified as follows:
Q. Did the Buergers advise you that you were authorized to settle for $23,100?
A. There was no specific comment that would have said you are authorized to settle the claim for that amount, but when I told both of them that I had calculated it and I was convinced that was the accurate amount, they did not in any way object, and, contrary to what Mr. Buerger testified to, he did not tell me that there was no authorization to stipulate to anything. In other words, he never instructed me not to stipulate to that figure or any other figure. That was during the conversation when I told him that I had arrived at that figure and was convinced it was accurate.
* * * * * *
Q. What was your understanding about your authorization to settle for the $23,100 figure based on your discussions with the Buergers?
A. My understanding from my conversations with both of them is that they didn't have any objection to it. I did not receive any objection from them to it.
And as far as the amount was concerned, Mrs. Buerger had written me a letter on July 23rd saying that the corporation had no assets, they had sold the radio station, they had no account, and they had less than $100 in cash, and that they had no income from any source to pay the judgment with.
I have the original letter in the file if you would like to see it.
Q. No. That won't be necessary.
The trial judge denied the motion on grounds, inter alia, that Vantage failed to prove that its counsel acted contrary to instructions. We note, however, that Florida courts have applied a strict standard of proof in these instances:
A client may give his attorney special or express authority to compromise or settle his cause of action, but such authority must be clear and unequivocal.
* * * * * *

*798 An unauthorized compromise, executed by an attorney, unless subsequently ratified by his client, is of no effect and may be repudiated or ignored and treated as a nullity by the client.
Nehleber v. Anzalone, 345 So.2d 822, 823 (Fla. 4th DCA 1977); accord, Cross-Aero Corp. v. Cross-Aero Service Corp., 326 So.2d 249 (Fla. 3d DCA 1976); Bursten v. Green, 172 So.2d 472 (Fla. 2d DCA 1965). We find that Baxley's testimony, even if accepted by the trier of fact, fails to establish that counsel had "clear and unequivocal" authority to settle the claim. We also find these circumstances are appropriate for granting of relief pursuant to Fla.R. Civ.P. 1.540(b). See Bradford Exchange v. Trein's Exchange, 600 F.2d 99 (7th Cir.1979) (applying federal counterpart to Florida rule).
Having disposed of the legal issue in this case, we observe that Baxley's conduct is not being questioned, but that he has been caught by the rigidity of the rule.
REVERSED.
ERVIN and JOANOS, JJ., concur.