493 So.2d 61 (1986)
DIXIE OPERATING COMPANY, Appellant,
v.
EXXON COMPANY, U.S.A., Appellee.
No. BJ-358.
District Court of Appeal of Florida, First District.
August 22, 1986.
*62 H. Edward Moore, Jr., of Moore, Hill, Westmoreland, Pensacola, for appellant.
Dennis K. Larry, of Clark, Partington, Hart, Hart and Johnson, Pensacola, for appellee.
BARFIELD, Judge.
This case arises from a personal injury suit by an employee of Dixie Operating Company (Dixie) against Exxon Company, U.S.A. (Exxon), in which Exxon filed a third party claim against Dixie based on contractual indemnity. A summary judgment was entered in favor of Dixie, based upon its immunity from suit under chapter 440, Florida Statutes, and Exxon appealed (Case No. BE-318).
Dixie filed a motion seeking remand to the trial court for the purpose of enforcing a settlement agreement allegedly reached between the parties after the notice of appeal was filed. Exxon responded that there was no settlement agreement. Dixie supplemented its motion with its petition to enforce the settlement agreement and an affidavit from its attorney, H. Edward Moore, Jr., that a settlement had been reached. This Court relinquished jurisdiction to the trial court for a determination of whether an enforceable settlement agreement had been reached between the parties.
The record indicates that Exxon and Dixie, through their respective attorneys, had been trying to negotiate a settlement since April 2, 1984. On that date, counsel for Exxon (Dennis K. Larry) wrote a letter to Dixie's attorney (Moore) indicating that Exxon was not yet in a position to make an offer to the plaintiff and suggesting that Dixie waive its workers' compensation lien and "throw in some new money" to aid in settlement.
Moore's notes of April 25, 1984, reflect that Larry called to pass on a message from Henry Langeman, claims manager for Exxon Risk Management Services (apparently a wholly-owned subsidiary of Exxon Company, U.S.A.), regarding contract provisions which purportedly would require Dixie and its insurance carrier to waive any subrogation rights against Exxon. Larry followed this call with a letter again urging Dixie to "throw in some new money" in an effort to help Exxon settle the case, asserting that Dixie "has exposure on the contractual indemnity provisions". Dixie's carrier was unwilling to contribute "new money" and there were no further negotiations until after Dixie had obtained summary judgment on the third party claim and Exxon had filed the appeal.
*63 On February 1, 1985, Moore wrote to Larry asking if Exxon would dismiss its appeal if Dixie would agree to waive its workers' comp lien. In a letter to Larry dated February 22, 1985, Langeman asked whether the insurance carrier would agree to waive its lien and assign it to Exxon. Moore's notes of March 25, 1985, indicate that Larry called asking if Dixie could assign any lien/interest to Exxon, in which case Exxon would drop the appeal. Because time was of the essence (Exxon's appellate brief was due shortly), Moore called Dixie's carrier and received authorization, then called Larry back and "accepted the offer".
On April 9, 1985, Larry wrote to Moore, stating that he did not have actual authority to settle the case. After meeting with Exxon officials, Larry again wrote to say that Exxon was still considering approval of the settlement. There followed two more letters from Larry communicating Exxon's position that Larry had no authority to settle. Langeman's affidavit confirms that position.
The transcript of the hearing on the petition to enforce settlement indicates that Exxon's attorney believed that he had management approval to settle with Dixie, based upon Langeman's letter of February 22, 1985. He argued to the trial judge that under Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977), the settlement was a nullity because Exxon had not given him approval to settle, citing also Cross-Aero Corporation v. Cross-Aero Service Corporation, 326 So.2d 249 (Fla. 3d DCA 1976), and Sockolof v. Eden Point North Condominium Association, Inc., 421 So.2d 716 (Fla. 3d DCA 1982). Upon inquiry by the court, Exxon's attorney admitted that in his ten years of representing Exxon, he himself signed the stipulations for dismissal or settlement, but not without having been expressly given management approval.
The trial judge informed the attorneys by letter of his decision that, under the cases cited by Exxon's attorney, the settlement agreement could not be enforced. The judge's observations and findings were incorporated into his order denying the petition to enforce the settlement agreement. Dixie moved for rehearing. In a handwritten note at the bottom of his order, the trial judge denied the motion for rehearing, finding that "this court is not free to enforce the settlement on the theory of actual authority since Exxon's counsel dealt with an adjusting agent as an intermediary with Exxon and not directly with any Exxon officer".
Dixie appealed the order denying its petition (BJ-358). The two appeals were consolidated and oral argument was limited to the settlement issues raised in BJ-358; BE-318 was stayed pending disposition of BJ-358.
It is well-settled in Florida that a settlement agreement entered into by an attorney is enforceable only when it has been determined that the attorney was given "clear and unequivocal" authority by the client to compromise the claim. See Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977), and Vantage Broadcasting Company v. WINT Radio, Inc., 476 So.2d 796 (Fla. 1st DCA 1985), as well as the cases cited therein.
Appellant has asked this court to expand Vantage Broadcasting to indicate that the attorney's authority to settle is clear and unequivocal if the attorney (agent) in good faith reasonably believes he has the authority to settle, based on the conduct of the principal. We decline to place the determination of whether clear and unequivocal authority was given under the control of the attorney exercising that authority on the basis of good faith belief when a dispute over that authority arises between the attorney and client.
Adherence to this rule does not preclude the application of principles of equity when a party has relied to its irreparable detriment on the representations of the opposing *64 attorney. That situation is not presented in this case.
It is unclear from the trial court's order and handwritten denial of the motion for rehearing whether the trial court based its denial of the petition to enforce the settlement agreement on a finding that Langeman's communications with Larry did not constitute a "clear and unequivocal" grant of authority to settle, or on a finding that Langeman could not bind the corporation. The relationship between Langeman and the corporate client is not the one governed by the "clear and unequivocal authority" rule. If Langeman has the actual or apparent authority to bind the corporation, the issue is whether he communicated to the attorney clear and unequivocal authority to settle the case.
The record would support a finding that Langeman, by his actions within the apparent scope of his authority, bound Exxon, U.S.A., and that Langeman's communications with Larry could constitute a clear and unequivocal grant of authority to settle the case under the specified conditions. The record would not appear to support a finding that Langeman could not bind the corporation.
Under the circumstances, meaningful appellate review is impossible. This case is therefore REMANDED to the trial court for further proceedings to determine: 1) whether Langeman was an agent of Exxon Company, U.S.A.; 2) whether Exxon was bound by Langeman's actions; and 3) whether, under all the circumstances, Langeman's communications with Larry, particularly his letter of February 22, 1985, constituted a "clear and unequivocal" grant of authority to Larry to settle the case by agreeing to dismiss Exxon's appeal in BE-318 if Dixie agreed to assign its workers' compensation lien to Exxon.
The appeal in BE-318 is stayed pending further order of this Court.
SMITH and WENTWORTH, JJ., concur.