PER CURIAM
Vantage’s appeal questions the appropriateness of the lower court’s order awarding appellee attorney fees of $6,000 in an action to recover damages on a promissory note executed in 1972. We affirm in part, reverse in part and remand with directions.
It appears from the record that a portion of the fee awarded was attributable to the efforts of appellee’s attorney in defending an appeal from an earlier judgment in ap-pellee’s favor, but which was later reversed and remanded for further proceedings. Vantage Broadcasting Co. v. WINT Radio, Inc., 476 So.2d 796 (Fla. 1st DCA 1985). The rule is clear that unless a provision is contained in the promissory note that serves as a basis for the award of fees, allowance of fees for the lawyer’s services on appeal is improper.[1] Ohio Realty Investment Corporation v. Southern *970 Bank of West Palm Beach, 300 So.2d 679 (Fla.1974).
That portion of the order on review allowing appellee attorney fees for the latter’s services on behalf of appellee in the prior appeal is therefore reversed. The remainder of the award is affirmed. The cause is remanded to the lower court for the purpose of conducting further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part and REMANDED with directions.
ERVIN, WIGGINTON and BARFIELD, JJ., concur.

. The above rule has since been superseded by statute, as to contracts entered into after October 1, 1977, Section 59.46, Florida Statutes, by allowing the payment of fees to the prevailing party on appeal, but the rule remains applicable to the instant cause in that the promissory note authorizing the award of fees was executed before the statutory date.