532 So.2d 1109 (1988)
Paula J. CARROLL, Appellant,
v.
James S. CARROLL, Appellee.
No. 87-3223.
District Court of Appeal of Florida, Fourth District.
October 12, 1988.
Rehearing Denied November 17, 1988.
Norman S. Segall of Segall & Gold, Coral Gables, for appellant.
Gerald Mager and Kathleen Molchan of Hatch, Mager, Casey & Beilly, Fort Lauderdale, for appellee.
PER CURIAM.
The order of the trial court, granting the husband's motion to enforce a disputed settlement agreement, is reversed.
It is apparent from the record that the trial court accepted the husband's proffer that a settlement had been reached, based solely upon a letter from husband's attorney to the wife's attorney confirming the terms of a purported agreement. The wife's lawyer did not respond to the letter.
The trial court made no finding regarding an acceptance of the agreement terms by the wife other than as incident to the conclusion, based on the failure of the wife's lawyer to respond, that the lawyers had reached an agreement.
In Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977), this court recognized the following general rules governing the enforcement of disputed settlement agreements:
(1) A party seeking judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party... .
(2) The mere employment of an attorney does not itself give the attorney the implied or apparent authority to compromise his client's cause of action... .
(3) An exception to the general rule is a situation in which the attorney is confronted with an emergency which requires prompt action to protect his client's interest and consultation with the client is impossible... .
(4) A client may give his attorney special or express authority to compromise or settle his cause of action, but such authority must be clear and unequivocal... .
(5) An unauthorized compromise, executed by an attorney, unless subsequently ratified by his client, is of no effect and may be repudiated or ignored and treated as a nullity by the client. [citations omitted]
Id. at 822-23. See also Palm Beach County v. Boca Development Associates, Ltd., 485 So.2d 449 (Fla. 4th DCA 1986); State Department of Transportation v. Plunske, 267 So.2d 337 (Fla. 4th DCA 1972); Cross-Aero Corp. v. Cross-Aero Service Corp., 326 So.2d 249 (Fla. 3d DCA 1976); Goff v. Indian Lake Estates, Inc., 178 So.2d 910 (Fla. 2d DCA 1965).
*1110 Here, there was no evidence demonstrating that Mrs. Carroll had ever ratified, authorized, or otherwise assented to the agreement. To the contrary, all of the testimony, as offered by her attorney, indicated otherwise. Further, the facts do not fall within any recognized exception to the general rule. See Nehleber v. Anzalone. The failure of the wife's attorney to respond to a letter from husband's counsel cannot alone meet the required burden of proof. Cf. Albert v. Hoffman Electric Construction Company, 438 So.2d 1015 (Fla. 4th DCA 1983).
The husband, relying on Dania Jai-Alai Palace, Inc. v. Sykes, 495 So.2d 859 (Fla. 4th DCA 1986), contends that this court has departed from the burden recognized in Nehleber. However, we note that Dania Jai-Alai Palace, Inc. v. Sykes simply recognized that Nehleber was not controlling where the parties had reached an agreement on the essential terms and the only issue was how mutual releases should be worded.
Therefore, the trial court order granting appellee's motion to enforce a settlement agreement is reversed. We remand for further proceedings consistent with this opinion.
ANSTEAD, DELL and STONE, JJ., concur.