555 So.2d 448 (1990)
Marc WEITZMAN, Appellant,
v.
Barry William BERGMAN and Leslie Inc., d/b/a Pompano Honda, Appellees.
No. 89-0098.
District Court of Appeal of Florida, Fourth District.
January 17, 1990.
*449 Joseph R. Dawson of Law Offices of Joseph R. Dawson, Fort Lauderdale, for appellant.
Thomas J. Caldwell of Caldwell and McNally, Miami and Diane H. Tutt, Fort Lauderdale, for appellees.
WALDEN, Judge.
This is an appeal from a dismissal entered on a Motion to Compel Settlement.
The appellant, Marc Weitzman, hired attorney Bernard Berman to represent him in a personal injury claim which Weitzman made against the appellees. During pretrial negotiations the appellees' insurance company offered $1,750 to settle the claim. Attorney Berman indicated in correspondence to the insurance company that Weitzman found this acceptable. Subsequently, however, Berman returned the settlement documents to the insurance company unsigned and notified the appellees that Weitzman had found another attorney. When later negotiations failed Weitzman's second attorney filed a lawsuit against the appellees. In turn, the appellees filed a motion to compel settlement.
Weitzman challenged the settlement on grounds that he did not give Berman the authority to settle the case. In support thereof he filed an affidavit by his former attorney, Berman, which acknowledged that Weitzman had conditioned his acceptance of settlement on Weitzman's wife's consent. Nevertheless, the trial court found that the first attorney had the authority to settle the case and dismissed the action.
Because the record does not clearly show that attorney Berman was authorized to settle the case, we reverse the order granting the motion to compel and reverse the final judgment of dismissal. Jorgensen v. Grand Union Co., 490 So.2d 214 (Fla. 4th DCA 1986) explains that a client's express authority given to an attorney to settle a cause of action must be "clear and unequivocal." Further, it is well settled that "an unauthorized compromise executed by an attorney, unless subsequently ratified, is of no effect, and may be repudiated or ignored and treated as a nullity by the client on whose behalf it was executed." 4 Fla. Jur.2d, Attorneys at Law, section 135 (1978).
Caselaw indicates that courts have been very stringent in what they find to be a "clear and unequivocal" grant of authority. See Carroll v. Carroll, 532 So.2d 1109 (Fla. 4th DCA 1988) (a dissolution settlement based solely upon a letter from the husband's attorney to the wife's attorney confirming the terms of a purported agreement was insufficient to demonstrate that the wife had ever ratified, authorized, or otherwise assented to the agreement); Vantage Broadcasting Co. v. WINT Radio, Inc., 476 So.2d 796 (Fla. 1st DCA 1985) (attorney not specifically told by clients that he was authorized to settle for stipulated amount, but clients did not object when he discussed the amount due and did not tell him not to stipulate; nevertheless, appellate court reversed because not a clear and unequivocal grant of authority.)
In the instant case it appears that the first attorney, Berman, had only conditional authority to settle the case. Since it is the burden of the party seeking to compel the settlement (here the insurance company) *450 to show that the attorney had authority to settle the case, the insurance company failed to meet its burden of proof. Thus, we reverse and remand for further proceedings consistent herewith.
REVERSED AND REMANDED.
DOWNEY, J., and McNULTY, JOSEPH P., (Retired), Associate Judge, concur.