POLEN, Judge,
dissenting.
I respectfully dissent for the following reasons.
The appellee John E. Lilley claimed that he, his attorney and Mr. Lebedeker, the *1065 appellants' attorney, met in the hallway of the judge’s chambers directly before a trial was scheduled at which the issue of a deficiency judgment would be resolved. The appellees’ attorney testified that Mr. Lebe-deker appeared without his clients and orally stipulated to the entry of a deficiency judgment in the amount of $86,280.97.
The appellant George Linardos, Jr., testified that he never authorized Mr. Lebedeker to agree to the entry of the deficiency judgment, and Mr. Lebedeker testified that he only thought that an agreement might be entered into in the future. Mr. Lebe-deker testified that the amounts alleged by the appellee to be the basis of the agreement were mere proposals.
The trial court was concerned with the fact that the appellee appeared, ready for trial, with an appraiser and an attorney, while the appellants had not appeared, having sent Mr. Lebedeker instead, with no witnesses. The trial court noted that the trial had been set and that had it not been for a settlement agreement, the case would have been tried as scheduled. Yet the trial never took place, which is not in dispute.
Mr. Lebedeker never testified that he was not acting under his clients’ authorization. He did not deny that he met with the appellee and his attorney before the scheduled trial, without his clients or any witnesses. The evidence was of such a conflicting nature that the trial judge was forced to make findings of fact; i.e., whether the appellant had consented to the deficiency judgment and/or sent his attorney to the trial with authorization to settle the case. Despite the appellant’s testimony that he never gave authorization to settle, the trial court found that the parties had agreed to the entry of a deficiency judgment and an order was entered to enforce the agreement.
The appellants ask us to reverse the order on the grounds that an attorney cannot agree to a settlement without specific authorization from the client. The majority of this panel has decided to reverse relying, as the appellants did, on our prior decisions of Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977), and Jorgensen v. Grand Union Co., 490 So.2d 214 (Fla. 4th DCA 1986). We held in those cases that there must be clear and unequivocal proof of the attorney’s authorization to settle a case, without which the alleged settlement agreement will not be enforced. But I think that both of the above cited cases are distinguishable.
In Nehleber there was no issue as to whether Mr. Anzalone’s attorney negotiated a settlement without the consent of his client. The attorney clearly acted without direction from his client, which is improper and supports the result in that case. Likewise, in Jorgensen, the attorney clearly exceeded his client’s authorization to settle a case. In the case at bar, however, the facts are different, and I think that the law should be applied differently.
When a trial judge makes findings of fact, they are not to be disturbed on appeal, as long as such findings are supported by the evidence. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Shaw v. Shaw, 334 So.2d 13 (Fla.1976), Marcoux v. Marcoux, 475 So.2d 972 (Fla. 4th DCA 1985). Although there may be conflicting views presented by the parties, the appellate court is not to reweigh the evidence on appeal. Lee v. Lee, 563 So.2d 754 (Fla. 3d DCA 1990); United States Fidelity & Guaranty Co. v. Darden, 338 So.2d 37 (Fla. 3d DCA 1976). Therefore, if the record supports the conclusion of the trial court, despite any conflicts which may be present, the findings of fact must be affirmed on appeal.
This court has held that when the trial court makes no specific findings of fact in the final judgment, then the appellate court is required to accept the facts to be those shown by that evidence most favorable to the prevailing party. NCNB National Bank of Florida v. Aetna Casualty and Surety Co., 477 So.2d 579 (Fla. 4th DCA 1985). As an appellate court, the district court of appeal must disregard the conflicting evidence and accept the facts which are most favorable to the party that prevailed below. Blue Lakes Apartments v. George Gowing, Inc., 464 So.2d 705 (Fla. 4th DCA 1985). *1066 I dissent in this case because the trial judge found that the parties had entered into a settlement agreement. It would have been helpful if the trial court would have stated that it did not believe the appellants, or that it found there to be authorization to settle, supported by clear and unequivocal proof, in spite of the appellant’s testimony. The trial court certainly found that there was a settlement agreement, which is stated in the order on appeal. In light of the above cited case law, and considering the facts in the light most favorable to the prevailing party below, it is unnecessary to speculate as to whether the trial court actually found that there was authorization to settle.
The evidence submitted by the parties at the hearing on the appellees’ motion to enforce the settlement agreement clearly and convincingly, if not unequivocally, supports the ruling of the trial court. The order on appeal should be affirmed.