PER CURIAM.
Appellant, a real estate broker, appeals the trial court’s denial of his motion to enforce a settlement agreement with the seller of certain real property. Counsel for the parties had been negotiating to settle a dispute involving the commission which the real estate broker claimed. The parties’ counsel dictated the terms into the record at a hearing before the court; however, it was made clear at that hearing that the appellee, who was not there, had not yet had the opportunity to discuss all of the details with his counsel. When the appellee, who was a resident of California, received the agreement he refused to agree to the due-on-sale clause which was in the settlement agreement since it was to be secured by real estate. The broker insisted on that term being part of the settlement and moved to enforce the settlement under the terms discussed by counsel at the hearing.
The trial court refused to enforce the settlement because of the failure of the parties to agree on the due-on-sale clause. Since the broker had the burden of proving the establishment of the settlement agreement and did not unequivocally show that counsel was authorized by the client to agree to the due-on-sale clause, the trial court was correct in denying enforcement. Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977).
Affirmed.
WARNER, KLEIN and PARIENTE, JJ., concur.