687 So.2d 856 (1997)
WOODFIELD PLAZA, LTD., By and Through its General Partner, STRAUB CAPITAL CORP., Appellant,
v.
STILES CONSTRUCTION COMPANY, a Florida corporation, Appellee.
No. 95-3634.
District Court of Appeal of Florida, Fourth District.
January 8, 1997.
Rehearing and Rehearing Denied March 5, 1997.
*857 Edwin C. Lunsford and J. Kory Parkhurst of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellant.
Bryan W. Duke, General Counsel of Stiles Corporation, Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied March 5, 1997.
STONE, Judge.
We reverse an order dismissing a complaint brought by Woodfield Plaza, Ltd. (Woodfield), the owner of a shopping center, against Stiles Construction Co., a general contractor (Stiles). The trial court found that the parties had reached a settlement agreement prior to this litigation that resolved the claims in question. We conclude, however, taking the evidence most favorably to Stiles, that the parties failed to create a valid settlement agreement.
The court interpreted the alleged settlement agreement as allowing Stiles to pay Woodfield $2,500 in exchange for a release of all further liability for claims, other than for latent defects, arising out of the construction of the multi-million dollar center. Woodfield has sued Stiles for breach of contract, alleging that Stiles failed to install a "loop" irrigation system as required under the contract. Appellant also alleged that the exterior rear doors did not comply with specifications.
Hughes, vice president of Stiles Construction Co., testified at the hearing that he had offered Woodfield's agent, Farris, $2,500 "in full and final settlement of all matters relating to the construction." At that time, there was an outstanding claim by Woodfield for over $3,900. In response, Farris sent Hughes a letter stating that, "[u]pon receipt of your $2,500 payment, Stiles Construction will be released from any further liability for all issues ... which have been revealed to date" and asking Stiles to provide a release if it required one. It is undisputed that the $2,500 was never tendered to Woodfield by Stiles and that Woodfield rejected Stiles' proposed general release as being beyond the scope of the negotiations.
The trial court dismissed the complaint, apparently concluding that there was a settlement that covered all matters involving discovered and undiscovered defects or damages in the doors and irrigation system.
Settlement agreements are governed by the same legal principles applied to other contracts. E.g., Dorson v. Dorson, 393 So.2d 632 (Fla. 4th DCA 1981). A finding that the parties reached a contract requires evidence of a mutual agreement to the material settlement terms. Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985); Carroll v. Carroll, 532 So.2d 1109 (Fla. 4th DCA 1988), rev. denied, 542 So.2d 1332 (Fla.1989); Suggs v. Defranco's, Inc., 626 So.2d 1100 (Fla. 1st DCA 1993). Here, there was no evidence of acceptance of the most essential terms; therefore, there was no agreement. E.g., Gaines v. Nortrust Realty Management, Inc., 422 So.2d 1037 (Fla. 3d DCA 1982). "The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs." Robbie at 1385. See also Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977) ("A party seeking judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party.").
We recognize that it is the duty of the court to give effect to the intention of the parties, even if every contingency may not be specifically covered by an agreement, and that an alleged contract should not be voided due to uncertainty unless there is no alternative. Blackhawk Heating & Plumbing Co., *858 Inc. v. Data Lease Fin. Corp., 302 So.2d 404 (Fla.1974). The evidence supports a conclusion that Hughes was contemplating a "global" release in exchange for the $2,500 which would resolve any additional claims that could arise in the future related in some manner to the doors and irrigation system. However, there is no indication that Farris was negotiating more than a compromise resolution of the outstanding dispute over the $3,900 statement.
The issue is purely one of contract law. We note that this is not simply a dispute that requires interpreting an ambiguous or difficult provision in an agreement where both parties have demonstrated assent to essential terms and indicated by word, deed, or surrounding circumstance, an intention to be bound. Blackhawk. Rather, there is no view of the facts demonstrating mutual understanding, assent, and meeting of the minds to essential terms. Therefore, there is no enforceable settlement contract and we reverse and remand for further proceedings. Gaines.
WARNER and STEVENSON, JJ., concur.