TAYLOR, J.
This appeal arises from the trial court’s orders compelling appellant to execute settlement documents and subsequently dismissing his claim upon his failure to do so. We reverse both orders.
Appellant filed a claim against appellee, Palms West Hospital (“Hospital”), and other defendants alleging medical negligence. In October 2000 counsel for the Hospital made appellant’s counsel a proposal to settle the case for $5,000. Despite numerous telephone calls and letters from the Hospital’s attorney to appellant’s attorney requesting followup on the settlement proposal, settlement documents were never executed and returned to the Hospital’s attorney. After several months passed, the Hospital filed a motion to compel settlement, stating:
1. On October 19, 2000, Defendant settled ah claims against it with the Plaintiff for $5,000 (see letter confirming settlement annexed hereto as Exhibit “A”).-
2. Subsequently, a W-9, a Release, and a Stipulation of Dismissal were forwarded to Plaintiff.
3. On numerous occasions, the Defendant has followed up with the office of the Plaintiff in an effort to conclude the settlement.
4. Defendant has been informed that there have been changes taking place within the firm and that they are in essence, “working on it.”
Attached to the motion was a letter from the Hospital’s attorney to appellant’s attorney (Exhibit A), whiph read:
This will confirm that we have settled ah claims against Palms West Hospital for the amount of $5,000.00. In order that . we may expeditiously request a check, I enclosed a W 9 to be filled out and returned to your office. I also enclosed a Release of all Claims and a Stipulation of Voluntary Dismissal.
Counsel for the Hospital also filed an affidavit from a member of his staff in support of the motion to compel settlement. The affidavit detailed the staff member’s efforts to get appellant’s former and substitute counsel to return signed settlement documents.
Based on the above motion and documents, the .trial court granted the Hospital’s motion to compel settlement and ordered appellant to execute and return the settlement documents to the Hospital within ten days. After appellant failed to comply with this order, the Hospital moved for an order holding appellant in contempt of court and for sanctions." The trial court entered an order finding appellant in violation of the" order and deeming the Settlement Agreement and Stipulation of Voluntary Dismissal executed and binding.
*906 Appellant filed a motion for reconsideration of the orders compelling settlement and finding him in contempt. He attached an affidavit to the motion, wherein he stated that he had “never authorized any attorney to settle on [his] behalf with Columbia Palms Hospital West under the terms set forth in the settlement papers ...” However, before the trial court could rule on the motion, appellant filed a notice of appeal.
■ Appellant argues that because the Hospital failed to present clear and unequivocal evidence that he consented to the settlement, the court erred in ordering him to execute the settlement documents prepared by the Hospital. We agree.
In Sosnick v. McManus, 815 So.2d 759, 762 (Fla. 4th DCA 2002), we recently reviewed the rules for enforcing disputed settlement agreements set forth in Nehleber v. Anzalone, 345 So.2d 822, 823 (Fla. 4th DCA 1977). Nehleber established that a party seeking judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party; Id. at 823. It further held there can be no settlement absent a “clear and unequivocal” grant of authority from the party to his attorney to settle a cause of action on his behalf. Id.
In Carroll v. Carroll, 532 So.2d 1109 (Fla. 4th DCA 1988), we reversed an order granting the husband’s motion to enforce a disputed 'settlement agreement. There, the trial court had relied solely upon a letter from the husband’s attorney to the wife’s attorney confirming the terms of the purported agreement. The wife’s attorney had not responded to the letter. Because there was no evidence that the wife had ever ratified, authorized, or otherwise assented to the agreement, and the facts did not fall within any recognized exception to the general rule, we concluded that the husband failed to show that an agreement had been reached. We determined that the failure of the wife’s attorney to respond to opposing counsel’s letter confirming the agreement was insufficient to meet the required burden of proof for enforcement of the agreement.
Similarly, in this case, the record does not establish appellant’s clear and unequivocal authorization to settle his claim against the Hospital. As in Carroll, the letter from the Hospital’s counsel to appellant’s counsel confirming a purported agreement is insufficient to establish that authority.
Accordingly, we reverse both the order compelling appellant to execute the settlement documents and the order deeming the settlement agreement and voluntary dismissal stipulation executed and binding. We remand this case to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
POLEN, C.J., and KLEIN, J., concur. '