928 So.2d 402 (2006)
Theresa L. FIVECOAT, Appellant,
v.
PUBLIX SUPER MARKETS, INC., and Publix Risk Management/Hartford Insurance Company, Appellees.
No. 1D05-1438.
District Court of Appeal of Florida, First District.
April 11, 2006.
Patricia E. Thorne, Delray Beach; and Bill McCabe, Longwood, for Appellant.
*403 Danni Lynn Germano, North Fort Myers, for Appellees.
BROWNING, J.
Claimant, Theresa L. Fivecoat, appeals a final order of the Judge of Compensation Claims (JCC) finding that a valid settlement agreement was reached between the parties at mediation, held on February 11, 2004; that the mediation was contingent upon Claimant's accepting the sum of $42,500.00 from the employer and its carrier administrator (E/C) within 24 hours; that Claimant (through her attorney) did accept the settlement offer within the designated time, as required by the mediation agreement; that the parties then agreed that an additional $552.20 would be factored into the contract for settlement entered by the parties on February 11 and would be paid to Claimant by the E/C; and that a valid contract for settlement existed between the parties. The JCC ratified the contract and directed Claimant to sign the appropriate settlement papers and forward them to E/C's counsel, whereupon E/C would forward a check in the amount of $43,052.20. We reverse the final order and remand for further proceedings because the E/C, as the parties seeking to enforce the settlement agreement, failed to meet their strict burden to prove that Claimant's attorney had "clear and unequivocal authority to settle on the client's behalf." Sharick v. Se. Univ. of the Health Scis., Inc., 891 So.2d 562, 565 (Fla. 3d DCA 2004); See Spiegel v. H. Allen Holmes, Inc., 834 So.2d 295, 297 (Fla. 4th DCA 2002); See Vantage Broad. Co. v. WINT Radio, Inc., 476 So.2d 796, 797 (Fla. 1st DCA 1985) (addressing "strict standard of proof" to show that attorney had clear and unequivocal authority to enter into stipulation on client's behalf).
Claimant rightfully acknowledges that the JCC has the authority to determine whether a valid, binding settlement agreement was reached and, if so, to give it effect. See Chubb Group Ins. Co. v. Easthagen, 889 So.2d 112 (Fla. 1st DCA 2004). A settlement agreement, such as the one purportedly entered by the parties (through their attorneys) at the February 11 mediation, is governed by contract law. See Robbie v. City of Miami, 469 So.2d 1384, 1385 (Fla.1985). Such agreements "are highly favored and will be enforced whenever possible." Id. Contracts, including settlement agreements, are to be construed according to the parties' intent, as demonstrated by the words used. See Gendzier v. Bielecki, 97 So.2d 604, 608 (Fla.1957); Ross v. Savage, 66 Fla. 106, 63 So. 148, 155 (1913). An objective test is to be used to determine whether Claimant accepted the E/C's offer and whether the settlement is enforceable. See Robbie, 469 So.2d at 1385; King v. Bray, 867 So.2d 1224, 1227 (Fla. 5th DCA 2004).
The E/C implicitly concede that for the settlement agreement to be valid and enforceable against Claimant, counsel for Claimant had to have her client's clear and unequivocal authority to settle on the client's behalf. See Dixie Operating Co. v. Exxon Co., U.S.A., 493 So.2d 61, 63-64 (Fla. 1st DCA 1986); Nehleber v. Anzalone, 345 So.2d 822, 823 (Fla. 4th DCA 1977). In their answer brief, the E/C contend that Claimant's counsel was, indeed, given such authority. However, the record belies the E/C's contentions, for the JCC (addressing the claimant's lawyer, Ms. Thorne) made the following findings at the hearing:
THE COURT: I think what occurred here was you did not really have your client's permission to go forward with the settlement, but you assumed that you did when you accepted the additional *404 monies, when you relayed to Ms. Wolfe [the E/C's counsel] that the additional monies would seal the deal. You yourself admitted that you didn't go back to the claimant and say, listen, I told them that if they gave this in addition you would take it. Am I correct? Do you understand?
MS. THORNE: Are you asking me if
THE COURT: Yes.
MS. THORNE: Correct. I did not call her back because it was getting late, she was already tired, and
THE COURT: Right. But I think the argument that she's tired, she's been there so many hours, she doesn't understand this word or that word, I don't think those are valid arguments for the simple reason that she had representation. Not from one attorney, but two. And it is your responsibility as her attorney to explain these words to her to make her understand exactly what she is doing.
MS. THORNE: Yes, ma'am.
The testimony of Claimant's counsel established that the day after the purported mediated settlement, counsel became concerned because she had not heard from Claimant. When counsel called Claimant and asked what her position was concerning the settlement, Claimant answered: "I don't have any choice." Counsel testified that over her 20 years' experience, she had heard clients comment that they did not have any choice other than to accept the money and settle. Counsel assumed inappropriately that Claimant meant the same thing. Counsel then had decided that perhaps Claimant might do a little better, so counsel arranged to sweeten the deal for her client by asking the E/C to pay an additional $552.20 (owed under a prior agreement), whereupon Claimant's counsel told the E/C's attorney that it would be "a done deal." Subsequently, Claimant asked why she was being asked to visit the office to sign a settlement agreement that she did not want to accept. When counsel reminded her of her prior comment that she did not have any choice, Claimant clarified that she had meant she had no choice other than to turn down the settlement offer because she needed medical treatment, including a spinal fusion, and the settlement proposal would not take care of her needs. In short, even if the parties' attorneys agreed to the settlement, the record conclusively showed that Claimant did not give her attorney clear and unequivocal authority to agree to the settlement proposal. "[C]ourts have been very stringent in what they find to be a `clear and unequivocal' grant of authority." Weitzman v. Bergman, 555 So.2d 448, 449 (Fla. 4th DCA 1990). Given these circumstances, the JCC cannot compel enforcement of the settlement agreement. See Sosnick v. McManus, 815 So.2d 759, 762 (Fla. 4th DCA 2002). Referring to the requirement of clear and unequivocal authority from the client, the E/C note:
Adherence to this rule does not preclude the application of principles of equity when a party has relied to its irreparable detriment on the representations of the opposing attorney.
Dixie Operating Co., 493 So.2d at 63-64. Such an argument involving factual determinations is appropriately raised in the lower tribunal.
We REVERSE the JCC's final order and remand for further proceedings.
BARFIELD and THOMAS, JJ., concur.