[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11761
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cv-80526-WPD

SELECT EXPORT CORPORATION,
a Florida corporation,

Plaintiff - Counter
Defendant - Appellant,

versus

JACK RICHESON & CO.,
a Wisconsin corporation,

Defendant - Counter
Claimant - Appellee,

TRIDENT INDUSTRIA DE PRECISAO LTD.,
a foreign corporation,
JERRY'S ARTARAMA N.C., INC.,
a North Carolina corporation,
UTRECHT MANUFACTURING CORP.,
a New Jersey corporation,
DAVID SCHWARTZ.,
individually, et al.,

Defendants -Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 29, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Select Export Corporation (SEC) appeals the district court's denial of its Rule 59(e) motion to alter or amend a final judgment. In its motion, SEC argued the final judgment was invalid because it was based on an unenforceable settlement agreement. According to SEC, the settlement was unenforceable because its prior counsel was not authorized to enter it on SEC's behalf. The district court, however, disagreed with SEC and adopted the magistrate judge's finding that SEC's prior counsel was indeed authorized to enter the settlement. On appeal, SEC contends the district court did not apply the correct legal standard in reaching that conclusion, and therefore the court abused its discretion by denying SEC's Rule 59(e) motion. We affirm.[1]

When determining whether an attorney was authorized to enter a settlement

_____

[1] We review a district court's denial of a Rule 59(e) motion to alter or amend a judgment for abuse of discretion. *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). An abuse of discretion occurs if the court applies an erroneous legal standard or makes clearly erroneous findings of fact. *Id.* at 1137 n.69.

2

agreement, we look to the law of the state in which the agreement was entered. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1485 (11th Cir. 1994). Under Florida law, the settlement agreement is valid if SEC's prior counsel had "clear and unequivocal" authority to enter it on SEC's behalf.  *See Weitzman v. Bergman*, 555 So. 2d 448, 449–50 (Fla. 4th DCA 1990).  Although the district court expressly adopted the magistrate judge's finding that SEC's prior counsel had "clear and unequivocal" authority, SEC asserts the court "could not possibly have employed" that standard in denying its Rule 59(e) motion.

SEC's contention is meritless.  Because SEC challenges only the district court's legal standard and not its factual findings, SEC has abandoned any claim that those findings are erroneous.  *See, e.g.*, *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that unless parties "plainly and prominently" raise a claim or issue on appeal it "will be considered abandoned").  Accordingly, we accept as true the following facts:  (1) SEC "authorized [its prior counsel] to negotiate a stipulated settlement of the instant case on behalf of" SEC, (2) SEC and its prior counsel were in "frequent" communication during settlement negotiations, (3) SEC was informed of and "agreed" to "the terms of the proposed settlement," and (4) SEC's prior counsel "did not receive notice" of SEC's "second thoughts about the stipulation" until "well after the stipulation had become binding

3

and enforceable." On those facts, the district court did not err in concluding SEC's prior counsel had "clear and unequivocal" authority to enter the stipulated settlement at the time the agreement was executed and filed. *See Murchison*, 13 F.3d at 1485–87.

The district court's order denying SEC's Rule 59(e) motion to alter or amend the final judgment in this case is **AFFIRMED.**

4