DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT DEJOUR,**
Appellant,

v.

**CORAL SPRINGS KGB, INC.,** a Florida profit corporation,
d/b/a **CORAL SPRINGS BUICK GMC,**
Appellee.

No. 4D19-2307

[April 1, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE-18-003483 (08).

Philip A. Duvalsaint of Philip A. Duvalsaint, PLLC, Fort Lauderdale, for appellant.

J. Logan Murphy, Robert A. Shimberg and Jeffrey J. Wilcox of Hill Ward Henderson, Tampa, for appellee.

GROSS, J.

We reverse an order granting a motion to enforce a settlement agreement because there was no evidence that appellant ever agreed to the terms of the settlement.

Robert DeJour sued his former employer (the defendant) for breach of contract. While the suit was pending, the parties' attorneys exchanged two emails. First, the defendant's lawyer sent this email to DeJour's attorney.[1]

> *Scott*
>
> *This confirms we have resolved both of these matters for $[redacted] each. Checks are waiting for you at Honda. You*

---

[1] DeJour's attorney on appeal was not the attorney involved in the email exchange.

*will dismiss both cases with prejudice and your clients will sign releases.*

*Thank you*

*Robert*

DeJour's attorney responded:

**Yes in Valenz but told you can't speak to dujjour [sic] today.**

The defendant's check was picked up and the defendant executed a settlement agreement that was forwarded to DeJour's attorney for DeJour's signature. DeJour neither signed the settlement agreement nor executed a release. The case was not dismissed.

Almost four months later, on August 31, 2018, the defendant's lawyer followed up with an email to DeJour's attorney which read:

*DeJour, Valenz and Haywod have been signed by Ken Page, but not your clients, although payment has been made per the agreements.*

The response received read:

*Good morning,*

*Scott is out of town until Wednesday. We will follow up with Robert upon his return. Thanks.*[2]

There were no additional communications between the attorneys. Although not disbursed to DeJour, the funds were not returned.

After some delay, the defendant filed a motion to enforce a settlement agreement which was granted by the circuit court. This appeal followed.

"Although settlement agreements are favored by the law and enforced whenever possible, there must still be a manifestation of mutual assent as to the essential settlement terms in order for the agreement to be enforceable." *Vision Palm Springs, LLLP v. Michael Anthony Co.*, 272 So.

---

[2] "Scott" was DeJour's attorney; "Robert" could be a reference to either DeJour or the defendant's lawyer.

3d 441, 447 (Fla. 3d DCA 2019). "The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement." *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002). "A trial court's finding that there was a meeting of the minds must be supported by competent substantial evidence." *Id.*

Where an attorney enters into a settlement agreement on a client's behalf, its enforceability turns on rules of law summarized in *Nehleber v. Anzalone*, 345 So. 2d 822, 822 (Fla. 4th DCA 1977). Relevant to this case are these rules articulated in *Nehleber*:

> (2) The mere employment of an attorney does not of itself give the attorney the implied or apparent authority to compromise his client's cause of action. . . .
>
> (4) A client may give his attorney special or express authority to compromise or settle his cause of action, but such authority must be clear and unequivocal. . . .
>
> (5) An unauthorized compromise, executed by an attorney, unless subsequently ratified by his client, is of no effect and may be repudiated or ignored and treated as a nullity by the client. . . .

*Id.* at 823; *see Sharick v. Se. Univ. of Health Scis., Inc.*, 891 So. 2d 562, 565 (Fla. 3d DCA 2004); *see also Ponce v. U-Haul Co. of Fla.*, 979 So. 2d 380, 383 (Fla. 4th DCA 2008). Silence by the client, or lack of objection, is not proof of clear and unequivocal authority. *Vantage Broad. Co. v. WINT Radio, Inc.,* 476 So. 2d 796, 797-98 (Fla. 1st DCA 1985).

In *Nehleber*, the plaintiff's attorney negotiated a settlement with the defendant's insurance company without the knowledge or consent of his client. 345 So. 2d at 822. The attorney then accepted a check, forged his client's endorsement, cashed the check, and absconded with the funds. *Id.* The trial court refused to enforce the settlement and this court affirmed. *Id.* at 822-23.

We found that the record affirmatively showed that the client did not assent to or have knowledge of the settlement offer; that he did not give his attorney authority to settle his cause of action; and that he repudiated the unauthorized compromise by proceeding to trial. *Id.* at 823.

In the case at bar, the burden was on the moving party (the defendant) to prove that DeJour's attorney "had a clear and unequivocal grant of

authority" from DeJour to settle on his behalf. *Ponce*, 979 So. 2d at 383. Because the defendant failed to meet its burden, this court is "required to reverse." *Id.*; *see also E Qualcom, Corp. v. Glob. Commerce Ctr. Ass'n, Inc.*, 189 So. 3d 850, 853 (Fla. 4th DCA 2015) ("Moreover, the record fails to conclusively demonstrate whether, in fact, [the attorney] had the authority to settle the case."). Stated differently, the order enforcing the settlement agreement should be reversed because the court's finding that there was a meeting of the minds is not supported by competent, substantial evidence. *Spiegel*, 834 So. 2d at 297.

*Reversed and remanded.*

MAY and DAMOORGIAN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**