In re LYONS BEET SUGAR REFINING CO.

(District Court, W. D. New York. December 12, 1911.)

1. BANKRUPTCY (§ 318*)—DEBTS WHICH MAY BE PROVED—CLAIMS OF SURETY.

One who became surety on a bankrupt's bond for costs on appeal in a case pending at the time of bankruptcy can prove his claim for costs paid under the bond, as a claim founded upon contract, express or implied, under Bankr. Act July 1, 1898, c. 541, § 63, subd. 4, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 318.*]

2. BANKRUPTCY (§ 314*)—DEBTS WHICH MAY BE PROVED.

Bankr. Act July 1, 1898, c. 541, §, 63, subd. 4, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), authorizing proof of debts founded upon an open account or upon a contract, express or implied, is not limited by subdivision i, authorizing proof of debts founded on a fixed liability, as evidenced by a judgment, or an instrument absolutely owing at the time of the filing of the petition against bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

3. BANKRUPTCY (§ 328*)—PROOF OF CLAIMS—"LIQUIDATED BY LITIGATION."

The words "liquidated by litigation," within Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), limiting the time for proof of claims liquidated by litigation, are not intended merely

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to preserve to litigant creditors their rights against a bankrupt estate, so as to preclude right of surety on bankrupt's bond for costs on appeal to prove a claim to recover reimbursement.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 328.*
For other definitions, see Words and Phrases, vol. 5, p. 4175.]

In the matter of the estate of the Lyons Beet Sugar Refining Company, bankrupt. On review of an order of the referee disallowing claim of William H. Egan. Order reversed, and claim allowed.

Charles P. Williams, for claimant.
William S. O'Brien, for trustee.

HAZEL, District Judge. [1, 2] I do not agree with the referee in his disallowance of the claim of William H. Egan in question. The undisputed facts are that the bankrupt was adjudicated on June 21, 1910, and the disallowed claim was filed with the referee on September 13, 1911, more than one year subsequent to the adjudication. At the time the petition in bankruptcy was filed there was pending a suit against the bankrupt in the Supreme Court of the state, and a judgment had been affirmed by the Appellate Division, from which an appeal was taken by the bankrupt to the Court of Appeals; the claimant becoming surety for costs on the appeal bond. The decision of the Appellate Division was affirmed, and thereupon the surety filed a claim for the costs against the bankrupt estate, which he had paid as surety on the bond.

The trustee objected to proving the claim, on the grounds (1) that it was not filed within one year after the adjudication, as required by section 57n; and (2) that it was not "a fixed liability absolutely owing," under section 63a. The referee was of the opinion that the claim was not liquidated by litigation, and therefore it could not be proved under section 57n. Taking into consideration section 63, subd. 1, of the bankruptcy act, in connection with subdivision 4, I think that the claim was provable as one founded "upon contract express or implied," and the language of subdivision 1, i. e., "fixed liability absolutely owing," does not limit the broad term of subdivision 4. In re Smith (D. C.) 146 Fed. 923, 17 Am. Bankr. Rep. 112; In re Gerson, 107 Fed. 897, 47 C. C. A. 49, 6 Am. Bankr. Rep. 11; In re Overman, 109 Fed. 65, 48 C. C. A. 223, 54 L. R. A. 369, 6 Am. Bankr. Rep. 324.

The trustee claims that there is a marked distinction between liabilities created by indorsement of a promissory note not due at the time of filing the petition and such as arise on a surety bond. But the facts of the Gerson Case, upon which reliance is placed, are quite analogous to the one here, and the same principle controls. True, it was a contingent liability; but, nevertheless, it was a fixed liability at the time the petition was filed. In my opinion the claim must be deemed to have been liquidated by the litigation, as the text has it, in that the liability became enforceable only by the finalities of the litigation pending between the bankrupt and Whipple. Certainly Whipple, the judgment debtor, could have filed a claim for costs against the bankrupt estate on the failure of the surety to pay; but, as the latter

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paid, he has the right to be subrogated pro tanto to the rights of Whipple against the bankrupt, and to prove his claim.

[3] The trustee further contends that the words "liquidated by litigation" were intended to preserve solely to litigant creditors their rights against the bankrupt estate, and not to a surety on an appeal bond in an action between the bankrupt and a third party; but I am unable to agree with this contention. The cases cited by him in support of his views (In re Thompson's Sons [D. C.] 123 Fed. 174, 10 Am. Bankr. Rep. 581; In re Pittsburg Industrial Iron Works, 22 Am. Bankr. Rep. 851) are not strictly in point, and, moreover, seem to me devoid of the equities with which we are called upon to deal, and which preclude giving sections 63a and 57n of the bankruptcy act a narrow interpretation.

The order of the referee must be reversed, and the claim allowed.