LOUIS H. PINK, Superintendent of Insurance of the State of New York, as Liquidator of the CONCORD CASUALTY AND SURETY COMPANY, Plaintiff, v. JOSEPH S. MEYER and Others, Impleaded with JACOB S. MEYER, Defendants. (No. 2.)*

Supreme Court, Trial Term, New York County, February 13, 1936.

* Affd., 248 App. Div. 566.

*Walter B. Herendeen*, for the plaintiff.

*Arnstein & Levy*, for the defendants.

LAUER, J. The plaintiff in this action seeks to recover against the defendant Jacob S. Meyer pursuant to the terms of an indemnity agreement. The Concord Casualty and Surety Company, now in liquidation, executed and delivered its guaranty bond to the Trade Bank of New York on February 3, 1930. The defendant Jacob S. Meyer, by the terms of the indemnity agreement herein sued upon, dated March 6, 1930, guaranteed that bond. The Concord Casualty and Surety Company subsequently was forced to pay upon its bond in an amount sought to be recovered in this action.

The defendant contends that no consideration was given for the indemnity agreement and that he cannot be held liable thereon. The testimony educed at the trial established the fact that the indemnity agreement was signed by the defendant Jacob S. Meyer at a time subsequent to the execution of the guaranty bond. If the execution of the guaranty bond is to be viewed as the consideration for the indemnity bond, the consideration was a past one and cannot avail as a basis of liability against the defendant here sought to be held. (*Hauswald* v. *Katz*, 216 App. Div. 92; *Royal Indemnity Co.* v. *Danziger*, 101 Misc. 505.) Where the consideration in a contract is past no valid and binding contract comes into existence. (See Williston Cont. §§ 15, 142.)

The indemnity agreement, however, contains the following clauses:

" In consideration of The Concord Casualty and Surety Company (hereinafter called the Company) executing or procuring the execution, or guaranteeing, or continuing the bond, described in the within application, we the undersigned, hereby jointly and severally covenant and agree as follows: * * *

"*Fifth.* That no act or omission of the Company in modifying, limiting or extending any instrument executed by the Company, shall in any wise affect our liability hereunder, nor shall we or any of us be released from this obligation by reason thereof; and we agree that the Company may alter, change, modify, amend, limit or extend any instrument or obligation and may grant or execute renewals or extensions of time thereof or other and new obligations in its place or in lieu thereof, and without notice to us, notice being expressly waived, and in any such case, we and each of us shall be liable to the Company as fully and to the same extent on account of any such altered, changed, modified, amended, limited and extended instrument or obligation or such renewals or extensions, or other or new obligations, in its place or in lieu thereof, as fully as if such instrument were described at length herein."

It is the plaintiff's contention that, even though the execution of the guaranty bond was prior to the execution of the indemnity agreement, the defendant is bound thereon by reason of the fact that the Concord Casualty and Surety Company bond was from time to time extended and renewed, in accordance with the terms of the indemnity agreement above set forth, and that such extensions and renewals were sufficient consideration to give validity to the contract of indemnity of the defendant.

I do not agree with this contention. While it is true that in certain instances an extension or renewal of a past indebtedness has been considered by the courts as sufficient consideration to support a contract ( *Utica City National Bank* v. *Gunn*, 222 N. Y. 204; *Scherer* v. *East Side National Bank*, 263 id. 190), examination of those authorities discloses that the guaranty was specifically given and accepted for the purpose of covering, extending and renewing a past consideration. The continuance of the indebtedness in those cases was practically simultaneous with the execution of the indemnity agreement. A detriment was suffered by the guarantee in extending the time of the due date of the indebtedness. A benefit was derived by the guarantor, in that he secured the extension of the loan. The agreements were entered into for that specific purpose.

The facts in the instant case are different. The indemnity agreement was executed subsequent to the execution of the guaranty bond and three months prior to any renewal or extension. The indemnity agreement, failing for lack of a consideration, was not a contract and no obligation existed thereunder. The Concord Casualty and Surety Company was already liable on its bond and it continued liable thereunder until payment was made. The renewal bonds given by the surety company were given pursuant to the terms of the original bond; that is, the surety company was obligated under the original bond as guarantor of the note to the Trade Bank and for any renewal of the note or any portion thereof. There was no new obligation assumed by continuing the bond nor any extension granted at the time of the execution of the indemnity agreement which might be considered as a detriment to the Concord Casualty and Surety Company. The fact that a renewal or extension was granted three months after the execution of an agreement which was not a binding contract may not be regarded as consideration sufficient to instill life or validity into an invalid agreement unless it was the intent of the parties to the agreement that such should be the case. No testimony was offered to prove that the Concord Casualty and Surety Company threatened to cancel or call in its bond unless the defendant executed the agreement, nor was any proof made that the Concord Casualty and Surety

Company declined to extend or continue the bond unless this agreement was given, nor that the renewals were requested, nor that the defendant even knew of the renewal bonds.

Upon all the facts before me I fail to find any consideration sufficient to support the indemnity agreement. Judgment is, therefore, given for the defendant.