## FIRST DEPARTMENT, APRIL, 1938.

### (April 1, 1938.)

JOSEPH F. COHEN, Respondent, v. BERNARD WHITE, Defendant, Impleaded with MORRIS WHITE, Appellant.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; Untermyer, J., dissents; dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting). The defendant Bernard White, who has not appealed, maintained with the brokerage firm of L. F. Rothschild & Co. an account which, in August, 1929, was in a precarious condition. In order to avert a sale of the collateral, but without any request on the part of either defendant, the plaintiff, on August 26, 1929, executed a guaranty to L. F. Rothschild & Co., guaranteeing payment of any indebtedness of Bernard White incurred in connection with the account. On June 19, 1930, the defendant Morris White, the father of Bernard White, at the plaintiff's request, wrote to the plaintiff saying: " In reference to the account of Bernard White at L. F. Rothschild & Co., I hereby guarantee you against any losses in this account. The account shows a debit balance of approximately $10,400.00, and long 109 shares of Kroger Groceries and Bakery Co. stock."

On December 30, 1932, Morris White was adjudicated a bankrupt. In the bankruptcy proceedings he duly scheduled as a liability the plaintiff's claim under the letter of indemnity. On April 19, 1933, the appellant was discharged in bankruptcy. From June 19, 1930, until December 27, 1935, when L. F. Rothschild & Co. liquidated the collateral at a loss of $10,205.80, Bernard White's account with L. F. Rothschild & Co. remained unchanged, except for the addition of interest charges and except that the collateral, consisting of the Kroger Groceries and Bakery Co. shares, fluctuated in value. The plaintiff having paid the loss to L. F. Rothschild & Co. under his contract of guaranty, brought this action to recover on the appellant's promise of indemnity contained in his letter.

I am unable to find any consideration for the appellant's promise of indemnity. When it was given the plaintiff already had gratuitously guaranteed the account of Bernard White. The appellant's indemnity to him on account of a consideration which was past was equally gratuitous. (*Pershall* v. *Elliott*, 249 N. Y. 183.) The plaintiff did not agree to do nor to refrain from doing anything, nor was he requested or required to do anything, as a consideration for the appellant's undertaking to indemnify the plaintiff in respect to his son's account. It was merely an executory gift of an indemnity to the plaintiff which was not to be accepted by any reciprocal promise on his part nor by any act to be performed by him. After receiving the appellant's letter of June 19, 1930, the plaintiff could immediately have caused the collateral to be sold, for he had not agreed otherwise. Although he carefully refrains from stating that he had agreed not to sell, he contends that he did not liquidate the account in reliance on the appellant's promise of indemnity. Assuming this to be so, it would not, except perhaps in the case of a charitable subscription (*I. & I. Holding Co.* v. *Gainsburg*, 276 N. Y. 427), give validity to an agreement which was without consideration. (*Pink* v. *Meyer*, 159 Misc. 542; affd., 248 App. Div. 566.) A promise which is void is not rendered enforcible because a detriment has been sustained which was not requested as consideration. Had the appellant's letter required that the account be not sold for some specified time as a consideration for the indemnity, the plaintiff, by compliance, could have accepted the offer and thus created an enforcible agreement. (*De Cicco* v. *Schweizer*, 221 N. Y. 431.) It may be that such facts, if they exist, could be established by parol evidence, even though the letter of indemnity makes no reference to them. But neither the complaint nor the plaintiff's affidavits contain any suggestion of this, and the appellant's affidavits, which on this motion must be accepted as true, categorically assert that no request was made nor condition imposed. He alleges that "your deponent neither requested nor received anything or any promise from plaintiff, or from any other person, for said letter of indemnification." Indeed, in the complaint, the only consideration for the indemnity is alleged to have been the plaintiff's guaranty to L. F. Rothschild & Co., which, it is stated, was executed " at the special instance and request of defendants." But this allegation is shown to be untrue not only by the appellant's denial but by the following statements contained in the plaintiff's affidavit on the motion: " On or about August 26, 1929, Rothschild & Co. informed me that the account was in need of margin and asked me to inform Morris White of this fact and request him to deposit the necessary margin. I do not now remember the amount of the margin required. I endeavored to get in touch with Morris

White and was unable to do so since he was not at his office. Therefore, in order to keep the account from being sold out, I executed and delivered to Rothschild & Co. the guarantee."

I am further of opinion that the defendant's discharge in bankruptcy constitutes a defense to the action, even though at the time of the bankruptcy the plaintiff's claim was contingent. (*Maynard* v. *Elliott*, 283 U. S. 273; *Williams* v. *U. S. Fidelity and Guaranty Co.*, 236 id. 549; *Central Trust Co. of Illinois* v. *Chicago Auditorium Assn.*, 240 id. 581; *Matter of Lyons Beet Sugar Refining Co.*, 192 Fed. 445; Gilbert's Collier on Bankruptcy [4th ed.], §§ 1257, 1258.)

The orders should be reversed, the motion for summary judgment denied, and the judgment vacated.