■ American Express Bank, Ltd., Respondent, v Spire Puerto Rico, Inc., et al., Defendants, and Steven Glaser, Appellant. [640 NYS2d 108] —Judgment of the Supreme Court, New York County (Walter Tolub, J.), entered September 16, 1994, after a non-jury trial, which, pursuant to an order of the same court and Justice, entered August 19, 1994, granted the post-trial motion by plaintiff to strike the affirmative defense of lack of consideration and awarded plaintiff $3,088,066.68, plus interest, for breach of contract and guarantee, unanimously reversed to the extent appealed from, on the law, with costs, to the extent of dismissing the complaint against appellant Steven Glaser. The Clerk is directed to enter judgment in favor of defendant Steven Glaser dismissing and severing the action as against him.

Prior to April 1990, defendants Andre Hercz, Edward Lapidus, and David Glaser maintained a personal loan relationship with plaintiff American Express Bank (bank) under which they received three million dollars in unsecured credit. Pursuant to that arrangement, those defendants periodically executed personal promissory notes payable to the bank, including notes dated in January, February, and March 1990. The notes provided for payment of interest at a rate equal to the bank's prime rate plus one percent.

Pursuant to a Facility Letter Agreement between the bank

and defendant Spire Puerto Rico, Inc. (Spire), dated April 3, 1990, Spire was eligible to receive unsecured loans up to a sub-limit of three million dollars (sublimit loans); all currently outstanding loans by the bank to Andre Hercz, Edward Lapidus and David Glaser were deemed sublimit loans to Spire; additional loans of up to seven millions dollars might be made to Spire, at the sole discretion of the bank, upon the provision of sufficient security (additional loans); future loans to Spire would be executed in a specified format; and interest on the loans was to be paid at the LIBOR rate plus one and five-eighths percent. Defendants Andre Hercz, Edward Lapidus, and David Glaser, together with defendants Jack Glaser and Paul Lapidus, and defendant-appellant Steven Glaser, executed a guarantee (Guarantee) of Spire's obligations under the Letter Agreement.

Following the execution of the Letter Agreement and the Guarantee, the bank made no new sublimit loans or additional loans to Spire in the format specified in the Letter Agreement. However, consistent with their financial arrangement with the bank prior to the execution of the Letter Agreement, defendants Hercz, E. Lapidus and D. Glaser signed further personal promissory notes payable to the bank, at an interest rate of prime plus one percent, in June, August, and November 1990.

In December 1991, the bank commenced this action for breach of contract and guarantee, seeking recovery of the loans to Andre Hercz, Edward Lapidus, and David Glaser as sublimit loans under the Letter Agreement. Defendants raised various affirmative defenses, including a claim that the Letter Agreement was unsupported by consideration. Following a bench trial, the Supreme Court rejected this defense, finding that the promissory notes dated June, August, and November 1990 reflected "[a]dditional monies * * * loaned by the Plaintiff bank to the Spire Group under the Facility Agreement", and that these transactions constituted sufficient consideration for the earlier Agreement and Guarantee. Supreme Court entered a judgment against all defendants in the amount of $3,088,666.68, plus interest.

We reverse to the extent the judgment has been appealed. Because no additional loans or further sublimit loans were made to Spire under the terms of the Letter Agreement, the Agreement and the Guarantee are unenforceable against appellant Steven Glaser due to lack of consideration. Contrary to the finding of the court below, the transactions reflected by the June, August, and November 1990 promissory notes, which employed a format and interest rate inconsistent with sublimit

loans, do not reflect loans from the bank constituting consideration for the earlier Agreement (*Pink v Meyer*, 159 Misc 542, 544 [Sup Ct, NY County 1936], *affd* 248 App Div 566 [1st Dept 1936]). Concur—Murphy, P. J., Rubin, Ross and Tom, JJ.