933 So.2d 732 (2006)
ARCHITECTURAL NETWORK, INC., a Florida corporation; David Marshall Corban, individually, Appellants,
v.
GULF BAY LAND HOLDINGS II, LTD., a Florida limited partnership d/b/a Parcel C Joint Venture, by its General Partner, Gulf Bay Land Holdings II, Inc.; Steven Feller, P.E., Inc., a Florida corporation; and Steven M. Feller, individually, Appellees.
No. 2D05-4244.
District Court of Appeal of Florida, Second District.
July 26, 2006.
*733 Jeffrey D. Fridkin of Grant, Fridkin, Pearson, Atahn & Crown, P.A., Naples, for Appellants.
Steven R. Schooley of Holland & Knight, LLP, Orlando, and Ricardo A. Reyes of Tobin & Reyes, P.A., Boca Raton, co-counsel for Appellee, Gulf Bay Land Holdings II, Ltd.
No appearance for Appellees, Steven Feller, P.E., Inc. and Steven M. Feller.
FULMER, Chief Judge.
Architectural Network, Inc. (ANI), and David Marshall Corban challenge the trial court's "Order on Motion to Enforce Settlement Agreement and Entry of Final Judgment." Because the trial court erred in denying ANI and Corban's request for an evidentiary hearing before ruling on the validity of the purported settlement agreement, we reverse and remand for further proceedings.
ANI and Corban argue that the trial court was required to conduct an evidentiary hearing on their claim that their counsel did not have authority to settle the suit on their behalf.[1] Gulf Bay Land Holdings II, Ltd., contends that there are no issues on appeal requiring interpretation of the settlement agreement or weighing disputed evidence. It claims that the trial court's order is properly based on undisputed facts.
A party seeking to enforce a settlement agreement bears the burden of showing that an attorney for the opposing party had the unequivocal authority to settle on the client's behalf. Fivecoat v. Publix Super Markets, Inc., 928 So.2d 402, 403 (Fla. 1st DCA 2006); Sharick v. Se. Univ. of the Health Sciences, Inc., 891 So.2d 562, 565 (Fla. 3d DCA 2004); Weitzman v. Bergman, 555 So.2d 448, 449-50 (Fla. 4th DCA 1990); Jorgensen v. Grand Union Co., 490 So.2d 214, 215 (Fla. 4th DCA 1986); Vantage Broadcasting Co. v. WINT Radio, Inc., 476 So.2d 796, 798 (Fla. 1st DCA 1985).
Contrary to Gulf Bay's claim, the transcript of the hearing before the trial court on Gulf Bay's motion to enforce the settlement agreement does not demonstrate that the facts were undisputed. It is clear from the argument of counsel at the hearing that the parties disputed whether a settlement had been reached. The hearing was brief and consisted entirely of argument by counsel. The purported written settlement agreement that both sides discuss on appeal was not entered into evidence. Therefore, the factual findings recited in the trial court's order lack record support because there was no evidence taken below.
Whether the attorney for ANI and Corban had authority to settle on his clients' behalf requires evidentiary development before the trial court can order enforcement *734 of the purported agreement. We, therefore, remand for an evidentiary hearing on the issue of whether the parties had reached a settlement.
Reversed and remanded for further proceedings.
NORTHCUTT, J., and KHOUZAM, NELLY N., Associate Judge, Concur.
NOTES
[1] ANI and Corban attempt to rely on affidavits submitted in conjunction with their motion for rehearing. Because they filed their notice of appeal before the motion for rehearing was ruled upon by the trial court, we do not rely on the affidavits.