989 So.2d 662 (2008)
ARCHITECTURAL NETWORK, INC., a Florida corporation, and David Marshall Corban, individually, Appellants,
v.
GULF BAY LAND HOLDINGS II, LTD., a Florida limited partnership, d/b/a Parcel C Joint Venture, by its General Partner, Gulf Bay Land Holdings II, Inc., and Frank Williams Architect, P.C., and Frank Williams, individually, Appellees.
Nos. 2D07-2137, 2D07-2224.
District Court of Appeal of Florida, Second District.
July 18, 2008.
Rehearing Denied September 15, 2008.
Jeffrey D. Fridkin of Grant, Fridkin, Pearson, Athan & Crown, P.A., Naples, for Appellants.
Steven R. Schooley of The Schooley Law Firm, P.A., Orlando, and Ricardo A. Reyes of Tobin & Reyes, P.A., Boca Raton, for Appellee Gulf Bay Land Holdings II, Ltd.
No appearance for remaining Appellees.
KELLY, Judge.
In these consolidated cases, Architectural Network, Inc. (ANI) and David Marshall Corban appeal from trial court orders enforcing a settlement agreement, entering a final judgment in favor of Gulf Bay Land Holdings II, Ltd., (Gulf Bay) and dismissing the action with prejudice.[1] ANI and Corban argue that the trial court erred in enforcing the agreement because Gulf Bay failed to establish that its attorney, *663 Michael Corso, had the authority to settle the case on its behalf. We reverse.
A party seeking to enforce a settlement agreement bears the burden of showing that an attorney for the opposing party had the clear and unequivocal authority to settle on the client's behalf. Architectural Network, Inc. v. Gulf Bay Land Holdings II, Ltd., 933 So.2d 732, 733 (Fla. 2d DCA 2006). As noted in Weitzman v. Bergman, 555 So.2d 448, 449 (Fla. 4th DCA 1990), courts have been very stringent in what they find to be a "clear and unequivocal" grant of authority. The record in this case is not sufficient to permit a conclusion that attorney Corso had "clear and unequivocal" authority to settle. At the evidentiary hearing, the only evidence Gulf Bay presented concerning attorney Corso's authority to settle the case was through opposing counsel. They testified to having received communications from Corso and his office indicating that Corso had the necessary authority to settle the case. However, opposing counsel had no personal knowledge regarding what Corso's clients had instructed him to dothey only knew what Corso had represented to them. On the other hand, Corso's clients, ANI's president, Rey Pezeshkan, and David Corban, both testified that attorney Corso was authorized only to communicate to opposing counsel that his clients were proceeding in good faith toward settlement, not that they had entered into a binding settlement agreement. Mr. Corso's testimony would likely have been critical to resolving the issue of his authority to settle the case, but he did not testify at the hearing. Under these circumstances, we cannot conclude that Gulf Bay met its burden to prove that attorney Corso had clear and unequivocal authority from his clients to settle the case. We therefore reverse the order enforcing the settlement agreement and remand for further proceedings.
Reversed and remanded.
WHATLEY and WALLACE, JJ., Concur.
NOTES
[1] The appealed orders were entered following an evidentiary hearing held pursuant to this court's mandate in an earlier appeal. See Architectural Network, Inc. v. Gulf Bay Land Holdings II, Ltd., 933 So.2d 732 (Fla. 2d DCA 2006).