NORTHCUTT, Judge.
 

 Stephanie Ferrell moved to enforce an alleged settlement agreement under which Ed Gollobith’s action against her was to be
 
 *1096
 
 dismissed. The circuit court granted the motion and dismissed Gollobith’s suit. We reverse because the court ruled without first hearing evidence to resolve disputed issues regarding the existence and terms of the agreement.
 

 The litigation arose from Gollobith’s contract with Ferrell, an architect, for the design of a house. Gollobith entered into a separate contract with a general contractor for the construction. He later sued Ferrell, the contractor, and others involved in the project. Gollobith settled with the contractor after several days of arbitration. Ferrell was not a party to the arbitration, but she assisted Gollobith during the arbitration hearing. After the arbitration, Gollobith’s attorney advised Ferrell that Gollobith had agreed to drop the claim against her. When Gollobith later moved to set this claim for trial, Ferrell filed a motion to enforce the alleged settlement.
 

 In her verified motion, Ferrell recounted that she assisted Gollobith with the arbitration, at no cost, and that Gollobith’s attorney had encouraged her to fully cooperate “as consideration for the dismissal, which the attorney would recommend.” Ferrell said that after the arbitration, Gol-lobith’s attorney told her by telephone and by e-mail that Gollobith had agreed to drop the suit.
 

 At a brief nonevidentiary hearing on Ferrell’s motion to enforce settlement, Gollobith’s attorney acknowledged that he telephoned Ferrell when the arbitration was over and that he told Ferrell his client had “agreed to dismiss you; but what happened is in the coming weeks and even months maybe, [Gollobith] changed his mind.” In opposition to the motion to enforce settlement, Gollobith’s attorney argued in part that there was no consideration for the promise to dismiss Ferrell and that her assistance with the arbitration was not part of a quid pro quo. He asked the court for an evidentiary hearing. But the court found that Ferrell’s assistance with the arbitration was the consideration. Based on this finding, it granted the motion and dismissed with prejudice Gollobith’s claim against Ferrell.
 

 We agree with Gollobith’s argument on appeal that the circuit court should have granted his request for an evidentiary hearing because the facts concerning the consideration necessary to support the purported settlement were in dispute. Whereas Ferrell claimed that she furnished assistance in exchange for a promise to dismiss the case against her, Gollobith maintained that no promise was made until after Ferrell provided assistance and that, therefore, her assistance did not constitute legal consideration necessary for a binding contract.
 

 It has been held that “[w]here the consideration in a contract is past, no valid and binding contract comes into existence.”
 
 Barnes v. Beaumont,
 
 70 So.2d 560, 563 (Fla.1954) (quoting
 
 Pink v. Meyer,
 
 159 Misc. 542, 288 N.Y.S. 16, 17 (N.Y.Sup.Ct.1936));
 
 see also City of Miami Beach v. Fryd Constr. Corp.,
 
 264 So.2d 13, 14 (Fla. 3d DCA 1972) (reciting party’s reliance on familiar rule that “past consideration is not legal consideration”). “Providing past services rendered without the expectation of compensation is not adequate consideration to support a contract.”
 
 Smith v. Locklear,
 
 906 So.2d 1273, 1274 (Fla. 5th DCA 2005) (affirming trial court’s determination that purported agreement was unenforceable because it lacked consideration). Without consideration, a “promisor may change his mind at will.”
 
 Id.
 
 (quoting
 
 Brown v. Brown,
 
 501 So.2d 24, 27 (Fla. 5th DCA 1986)).
 

 In this case, the circuit court could not properly conclude that the alleged settle
 
 *1097
 
 ment agreement was supported by legal consideration without taking evidence and resolving fact disputes.
 
 See Architectural Network, Inc. v. Gulf Bay Land Holdings II, Ltd.,
 
 933 So.2d 732 (Fla. 2d DCA 2006) (requiring evidentiary hearing to decide disputed issue of fact regarding purported settlement agreement). Accordingly, we reverse and remand for an evidentiary hearing.
 

 Reversed.
 

 CASANUEVA and KHOUZAM, JJ„ Concur.