# Third District Court of Appeal

## State of Florida

Opinion filed August 1, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1584
Lower Tribunal No. 10-16399

_____


## St. Mary's School of Medicine Limited,
Appellant,

vs.

## Anthony John Zabaleta,
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

The Law Offices of Michael D. Stewart, and Michael D. Stewart, for appellant.

Zumpano Castro, LLC, and Daniel E. Zumpano and Antonio C. Castro, for appellee.


Before ROTHENBERG, C.J., and SUAREZ, and SCALES, JJ.

SUAREZ, J.

St. Mary's School of Medicine ("St. Mary's") appeals from an order

granting Anthony Zabaleta's ("Zabaleta") motion to enforce a settlement

agreement. The issue below was whether there was a factual showing of St. Mary's clear and unequivocal authorization to its attorney to enter into an alleged August 30, 2016 settlement agreement. The trial court found that there was and issued the appealed order to enforce. After reviewing the record, we find that there is not the required competent, substantial evidence to support the trial court's finding that St. Mary's attorney had the clear and unequivocal authority to enter into the agreement. Therefore, we reverse.

In 2004, Zabaleta filed suit against St. Mary's, his former medical school, after it refused to issue him a medical degree.[1] According to St. Mary's, it did not issue the degree because Zabaleta had only paid a portion of his tuition, and he had failed to complete the required course curriculum. This litigation has ground on for over twelve years. In June 2016, David Javits ("Javits"), St. Mary's attorney below, initiated settlement negotiations when he emailed a settlement offer to David Zumpano ("Zumpano"), Zabaleta's attorney. Over the next few months, the two attorneys attempted to negotiate the settlement terms through a series of emails. Throughout the negotiations, Javits represented that he had St. Mary's authorization to extend and accept certain offers. This exchange of emails

---

[1] It is interesting to note that St Mary's is incorporated in the Cook Islands with a campus in the Cook Islands as well as in Saint Lucia. The school closed in December 2009 and has not reopened. This, in itself, raises a multitude of questions, none of which were addressed by either party. Therefore, this Court will address solely the issue of authorization presented on appeal.

culminated with a teleconference on August 30, 2016, during which Zumpano claims a settlement agreement was reached.

A few hours after the teleconference, Zumpano emailed Javits a list of settlement terms he claims the parties had agreed upon. Javits replied by email the same day and agreed to continue an upcoming hearing "pending settlement." Two days later, Javits sent a letter to the trial court notifying it that a settlement could not be reached. He also informed Zumpano that St. Mary's was not "inclined" to settle because it was unable to verify Zabaleta's credentials. Zabaleta moved to enforce the settlement agreement that the parties allegedly entered into on August 30. Following an evidentiary hearing, the trial court entered the order on appeal finding by clear and convincing evidence that the motion to enforce should be granted. This appeal follows.

"A party seeking to compel enforcement of a settlement bears the burden of proving that an attorney has the clear and unequivocal authority to settle on the client's behalf." Sharick v. Se. Univ. of Health Scis., Inc., 891 So. 2d 562, 565 (Fla. 3d DCA 2004). A trial court's factual findings that there is a clear and unequivocal grant of authority by the client to the attorney to settle must be supported by competent, substantial evidence in order to be upheld on appeal. Hamilton v. Florida Power & Light Co., 48 So. 3d 170, 172 (Fla. 4th DCA 2010).

Case law sets a very high standard for a party to meet in order to enforce a settlement agreement. Weitzman v. Bergman, 555 So. 2d 448, 449 (Fla. 4th DCA 1990) ("[C]ourts have been very stringent in what they find to be a 'clear and unequivocal' grant of authority."). The party seeking to enforce must show that there was a clear and unequivocal grant of authority to the attorney to enter into the settlement agreement. The appellate court must then review the record to determine whether or not there is competent, substantial evidence to support the trial court's finding. Our review of the record shows there is not competent, substantial evidence presented such that the trial court could find a clear and unequivocal grant of authority by St Mary's to Javits to enter into the settlement agreement.

The June 6 evidentiary hearing revolved around the email negotiations and particularly the August 30 email, which Zumpano claims memorialized the agreed upon settlement terms. Both attorneys testified, and each had different testimony and interpretations as to what occurred. They also disagreed as to the meaning of the August 30 email and its purpose. Zabaleta's attorney, Zumpano, claimed that the email memorialized the settlement terms while St. Mary's attorney, Javits, claimed everyone was aware that, as to that particular email and its terms, he had to obtain St. Mary's authorization to agree.

Zabaleta argues on appeal that the trial court's ruling is supported by the settlement negotiation emails over a period of time and that the emails evidence St. Mary's authorization. The problem is that although these emails evidence some authority to negotiate and even extend or accept certain offers, there was no evidence presented that St. Mary's authorized Javits to enter into the specific August 30 settlement agreement. Throughout the email exchanges, Javits consistently indicated when he had St Mary's authorization to extend, accept, or reject offers; however, there is no mention of such authorization in Javits's reply to the August 30 email. He merely stated that he agreed to continue an upcoming hearing "pending settlement" and reset other motions for two weeks.

Zabaleta also argues that St. Mary's authorization to settle is supported by testimony at the evidentiary hearing. But the only testimony that St. Mary's authorized Javits to enter into the August 30 settlement was from Zumpano, who testified that Javits agreed to settle during the August 30 teleconference. This testimony alone is insufficient evidence of authorization. See Architectural Network, Inc. v. Gulf Bay Land Holdings II, Ltd., 989 So. 2d 662 (Fla. 2d DCA 2008) (holding that the testimony of an attorney seeking to enforce a settlement agreement as to opposing counsel's authority to settle is not sufficient to permit a conclusion that opposing counsel had clear and unequivocal authority to settle).

Moreover, both Javits and St. Mary's representative testified that Javits was not authorized to accept the August 30 settlement agreement.

Because we find there is not competent, substantial evidence in the record to support the required finding that there was a clear and unequivocal grant of authority given to Javits to enter into the alleged August 30, 2016 settlement agreement, we reverse and remand for further proceedings consistent with this opinion.

Reversed.