# Third District Court of Appeal

## State of Florida

Opinion filed December 31, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0448
Lower Tribunal No. 22-20577-CA-01
_____

**Edwin Ricardo, et al.,**
Appellants,

vs.

**Typtap Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Carey Rodriguez, LLP, and Juan J. Rodriguez and Helia Dehghani, for appellants.

Salmon, Salmon, Labbe & Dehne P.A., and Andrew A. Labbe (Tampa), for appellee.

Before SCALES, C.J., and LINDSEY and BOKOR, JJ.

BOKOR, J.

Appellants Edwin and Connie Ricardo appeal the trial court's enforcement of a settlement agreement and imposition of sanctions, alleging that their acceptance was revoked before communication and that no contract was formed due to a lack of mutual assent. The Ricardos claim that under the circumstances an evidentiary hearing was required before the trial court could determine the existence of a binding agreement. For the reasons explained below, we agree and reverse.

I.     Background

The Ricardos brought an action for breach of contract and declaratory judgment against their home insurer based on damages sustained to their property in 2021. After the parties mediated the case on January 17, 2024, the insurer claimed that the parties reached a settlement and moved to enforce it. During the nonevidentiary hearing on the motion to enforce the settlement agreement, the insurer claimed that the parties reached an oral settlement during the mediation and proffered a written settlement agreement that the Ricardos signed the day after mediation. The insurer also noted that the mediator's post-mediation report included a checked box indicating that "the parties reached an agreement." The Ricardos filed an affidavit in opposition attesting that they did not reach an agreement during mediation and that although they signed the agreement sent by the insurer,

2

they instructed their counsel to "hold off" on transmitting it. The trial court granted the insurer's motion to enforce the settlement agreement, and this appeal followed.

II.    Analysis

Settlement agreements are governed by principles of contract law. See, e.g., Lorenzo v. Homeowners Choice Prop. & Cas. Ins. Co., 400 So. 3d 89, 90 (Fla. 3d DCA 2024). On a motion to enforce a settlement, the moving party bears the burden of proving that the acceptance was "(1) absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly stated within the offer." Id. at 91 (quoting Trout v. Apicella, 78 So. 3d 681, 684 (Fla. 5th DCA 2012)). "A trial court's finding of mutual assent must be supported by competent substantial evidence." Id. at 90 (quotations omitted).

So the insurer, as the party seeking to enforce the settlement, bears the initial burden of proof.[1] Here, the Ricardos dispute, among other issues, the existence of essential terms and mutual assent, and that the offer was accepted by the insurer before being revoked. The Ricardos properly alerted

---

[1] We recognize that some of the Ricardos' arguments against enforcement are better characterized as avoidances or affirmative defenses for which the Ricardos would have the burden of proof, e.g., duress. See Fla. R. Civ. P. 1.110(d) (setting forth duress as an affirmative defense).

the trial court to disputed issues of fact regarding the formation of the mediated settlement agreement.[2] See Gollobith v. Ferrell, 84 So. 3d 1095, 1096–97 (Fla. 2d DCA 2012) (reversing and remanding for evidentiary hearing to decide disputed issues of fact regarding purported settlement agreement); see also Vision Palm Springs, LLLP v. Michael Anthony Co., 272 So. 3d 441, 444 (Fla. 3d DCA 2019) (explaining that "[c]ontract formation requires a manifestation of mutual assent" which "must be supported by competent substantial evidence," and that "[t]o be judicially enforceable, a settlement must be sufficiently specific and mutually agreeable as to every essential element" (quotations omitted)).

---

[2] Although our standard of review here is de novo, we note neither party raised in the trial court below nor briefed on appeal whether the memorandum of mediated settlement, signed by one party, constitutes a valid and enforceable settlement agreement. A settlement agreement reached during mediation must be "reduced to writing and signed by each party or the party's representative having full authority to settle under rule 1.720(c)." Fla. R. Civ. P. 1.730(b); see also Parkland Condo. Ass'n v. Henderson, 350 So. 3d 484, 486–87 (Fla. 2d DCA 2022) ("[I]n light of rule 1.730(b), we are constrained to conclude that any settlement agreement is unenforceable because it resulted from mediation yet lacked the parties' signatures."); Gordon v. Royal Caribbean Cruises, 641 So. 2d 515, 517 (Fla. 3d DCA 1994) (citing same rule and noting that "an attorney's signature alone, albeit in the presence of the client, is wholly insufficient"). Because the issue was not presented, we decline to address whether the settlement agreement is valid under Florida Rule of Civil Procedure 1.730(b). We emphasize, however, that nothing in this opinion should be construed as impacting the well-established body of law on this point.

4

III.    Conclusion

It is appropriate to reverse and remand for further proceedings, including, where necessary, an evidentiary hearing, where the formation of the settlement agreement depended on disputed issues of material fact. And because we reverse for further proceedings regarding the validity of the settlement agreement, we necessarily vacate the order awarding sanctions.

Reversed and remanded.