979 So.2d 380 (2008)
Julio PONCE and Alejandra Ponce, his wife, Appellants,
v.
U-HAUL CO. OF FLORIDA and Robert Freelove, Appellees.
No. 4D06-4570.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
*381 Andrew Seiden of Seiden Alder & Matthewman, PA, Boca Raton, and Philip D. Parrish of Philip D. Parrish, P.A., Miami, for appellants.
Charles M-P George, Mitchell L. Lundeen, and Sharon R. Ellis, Coral Gables, for appellees.

ON MOTION FOR REHEARING
STONE, J.
We deny Appellees' motion for rehearing, but withdraw the opinion of January 23, 2008, and substitute the following in its place.
We reverse an order that granted U-Haul's motion to compel settlement. Ponce asserts that his attorney's authority to negotiate settlement did not include the power to file a formal proposal for settlement without the client's knowledge. We agree.
Ponce was seriously injured in an automobile accident involving a vehicle owned by U-Haul. Ponce hired attorney Ginzberg to represent him and signed a form authorizing Ginzberg to:
Negotiate settlement, sign on my behalf, any and all documents required to settle my pending personal injury/litigation/workman's compensation cases including but not limited to: general release, stipulation of settlement; release of claim, settlement drafts, check or any and all documents required for the settlement of my case, whatsoever in nature;
hereby giving and granting unto DAVID P. GINZBERG, ESSQUIRE, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done regarding my personal injury case/worker's compensation case pending with this office to all intents and purposes, as I might or could do if personally present, hereby ratifying and confirming all that DAVID P. GINZBERG, ESQUIRE, shall lawfully do or cause to be done by virtue here of.
In the course of litigation, U-Haul filed an offer of judgment and Ginzberg then filed a "Plaintiffs Offer of Judgment/Proposal for Settlement" in accordance with section 768.79, Florida Statutes, and Rule 1.442, Florida Rules of Civil Procedure. In the meantime, the Ponces discharged Ginzberg and hired another attorney. U-Haul accepted the offer. Immediately thereafter, Ginzberg advised U-Haul that its offer was rejected by his former client.
*382 In his deposition, Ginzberg testified that when he filed the proposal for settlement, he believed that he had permission to do so based on his "extensive conversations and discussions with [the Ponces] throughout the course of [Ginzberg's] representation of them both." When asked during his deposition whether he discussed specific settlement proposals with the Ponces, Ginzberg replied:
Sure. I mean, throughout the case we discussed these types of issues.
Q. Did Mr. Ponce give you permission to file a proposal for settlement?
A. It's my understanding that he did.
Q. Was that before or after you received U-Haul's proposal for settlement?
A. It's my understanding, as I said, we had these discussions well before any proposal for settlement was ever filed.
In Nehleber v. Anzalone, 345 So.2d 822 (Fla. 4th DCA 1977), this court established the following rules to enforce a settlement offer:
(1) A party seeking judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party. . . .
(2) The mere employment of an attorney does not of itself give the attorney the implied or apparent authority to compromise his client's cause of action. . . .
(3) An exception to the general rule is a situation in which the attorney is confronted with an emergency which requires prompt action to protect his client's interest and consultation with the client is impossible. . . .
(4) A client may give his attorney special or express authority to compromise or settle his cause of action, but such authority must be clear and unequivocal. . . .
(5) An unauthorized compromise, executed by an attorney, unless subsequently ratified by his client, is of no effect and may be repudiated or ignored and treated as a nullity by the client. . . .
Sosnick v. McManus, 815 So.2d 759, 762-63 (Fla. 4th DCA 2002) (quoting Nehleber, 345 So.2d at 823).
Referring to the "clear and unequivocal" grant of special or express authority, the Vantage Broadcasting Co. v. WINT Radio, Inc., 476 So.2d 796, 797 (Fla. 1st DCA 1985) court recognized that "Florida courts have applied a strict standard of proof" in determining whether a client authorized the attorney to settle the client's claim. An attorney's good faith belief that the attorney had authority to settle is insufficient. Cibula v. Ross, 597 So.2d 915 (Fla. 4th DCA 1992); Dixie Operating Co. v. Exxon Co., 493 So.2d 61, 63 (Fla. 1st DCA 1986). We further recognized, in Bursten v. Green, 172 So.2d 472 (Fla. 2d DCA 1965), that a contract giving the attorney the right "to negotiate settlement" failed to "clearly and unequivocally authorize [the attorney] to enter into a binding settlement agreement without the client's consent."
Notwithstanding the language in the form signed by the client, the record lacks evidence of Ponces' clear and unequivocal grant of authority to Ginzberg to file this settlement proposal. The Ponces emphasize that Ginzberg merely had authority to negotiate. Ginzberg's statements reflect his "understanding" of his authority, but nowhere does he assert that his clients authorized a $95,000 offer or even that they were advised or knew he was making the offer. The trial court found Mrs. Ponce's testimony not credible as to whether she retained Ginzberg. The court did not state whether the Ponces' testimony was credible regarding their allegation that Ginzberg had no authorization, except any flowing from the document, to file this proposal. Further, although we recognize that the trial court remains the judge of *383 credibility, nowhere in this record is there a clear and unequivocal grant of authority to settle and to make this binding proposal. We do not deem the form document signed at the time counsel is retained as, in and of itself, sufficient to that end. We note that this is not a circumstance where a power is signed because a client is incapacitated or unavailable, or where there is an ongoing relationship or other explanation for a broad power of attorney being given at the time of retention.
Because U-Haul failed to meet its burden to prove that Ginzberg had a clear and unequivocal grant of authority from the Ponces to file a proposal for settlement, we are required to reverse. See, e.g., Sharick v. Se. Univ. of the Health Scis., Inc., 891 So.2d 562, 565 (Fla. 3d DCA 2004) (reversing where the trial court "did not resolve the [dispositive] authorization dispute . . . and . . . the record demonstrates no clear and unequivocal grant of authority to the attorney").
As to the other issues raised, we find no reversible error or abuse of discretion. We remand for further proceedings.
POLEN and MAY, JJ., concur.