DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

JOHNNY THOMPSON, as Personal Representative of the ESTATE OF
SCOTT THOMPSON, on behalf of the surviving parents, JOHNNY and
MARIE THOMPSON,
Appellant,

v.

ESTATE OF KENDRICK KEVIN MAURICE, CHRISTICE GUILLAUME,
JACKSON JOSEPH and PATRICIA GUILLAUME,
Appellees.

No. 4D13-2618

[ November 12, 2014 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 11-6135 (21).

Elliot B. Kula, and W. Aaron Daniel, Aventura, and David Kleinberg of Neufeld, Kleinberg & Pinkiert, P.A., Aventura, for appellant.

Dennis P. Dore and Paula Parker, Jacksonville, for Appellees-Estate of Maurice, Christine Guillaume, Jackson Joseph and Patricia Guillaume.

TAYLOR, J.

This appeal arises from the trial court's orders granting the defendants' motion to enforce a pre-suit settlement and motion for summary judgment in a wrongful death action. The issue is whether the evidence demonstrated that the parties reached a binding settlement agreement before appellant filed suit. Because the evidence failed to support a finding that there was a meeting of the minds between the parties as to every essential element, we reverse.

The plaintiff's son, Scott Thompson, was a passenger in a car that spun out of control, causing an accident that resulted in the death of everyone in the car. On February 9, 2011, plaintiff, as personal representative of the Estate of Scott Thompson, on behalf of the surviving parents, sent a demand letter through his counsel to GEICO Insurance Company, ("GEICO"). In his demand letter, plaintiff made a settlement offer

enumerating four conditions for acceptance:

1) Receipt of an affidavit of no additional insurance coverage executed and notarized by a representative of GEICO Insurance Company.

2) Receipt by our office a [sic] certified policy # 4186492783.

3) Tender of a property damage check in the amount of $1,830.00 made payable to the Estate of Scott Thompson. . . .

. . . .

4) Tender of a settlement draft in the full amount of the bodily injury policy limits available for your insured, made payable to the Estate of Scott Thompson and Ellis, Ged & Bodden, P.A. Please be advised that this settlement offer will remain open until 5:00 p.m. on March 9, 2011. . . .

On March 4, 2011, GEICO responded to the plaintiff's demand letter, stating:

Please accept the following as a complete acceptance of the terms and conditions of your demand letter of February 9, 2011, within the 30 day demand timeframe. According to those terms and conditions, enclosed please find the following:

1. An Affidavit of no additional insurance coverage, executed and notarized by a representative of GEICO Insurance Company;

2. Another certified copy of policy number 4186492783, which had previously been forwarded to you;

3. A Property Damage check in the amount of $1,830.00 made payable to the Estate of Scott Thompson; and

4. The settlement draft in full amount of the Bodily Injury policy limits of $20,000.00 made payable to the Estate of Scott Thompson and Ellis, Ged & Bodden, P.A.

GEICO's responsive letter mirrored the four settlement conditions set out in plaintiff's demand letter. However, the letter went on to state the following:

2

In addition to the above, please also find enclosed the following:

1. An Affidavit of Christice Guillaume, also attesting that she had no additional insurance coverage available for the subject accident; and

2. A release of *all claims, as to my clients and GEICO's insureds, Christice Guillaume and Patricia Guillaume, upon which this demand and acceptance is conditioned* which is appropriate pursuant to <u>Maldonado v. First Liberty Insurance Corporation</u>, 342 Fed. Appx. 485 (11th Cir. Ct. of Appeals 2009).

We would appreciate receipt of the executed release, along with a copy of the Letters of Administration of the Estate, *prior to* disbursement of the proceeds of this settlement.

(emphasis added).

The release contained the following indemnification language:

Further, in return for the above-recited consideration, I do hereby agree to fully indemnify and hold harmless the above released parties against any and all claims, liens, or rights of reimbursement  by any person, entity or insurance carrier, personal injury protection carrier, or health, surgical, medical, or hospitalization insurer, whether group or otherwise, arising out of the alleged incident, by myself or my claims for damages arising therefrom, including but not limited to any expenses arising out of services rendered in connection with the aforementioned injuries or damages; said agreement to indemnify and hold harmless to include attorneys' fees incurred by the aforementioned released parties herein as a result of any claims against them from the aforementioned incident.  I further agree to fully indemnify and hold harmless the above released parties against any and all derivative claims arising out of the alleged incident, including but not limited to, any claims for loss of consortium; said agreement to indemnify and hold harmless to include attorney's fees incurred by the aforementioned released parties herein as a result of any claims against them from the aforementioned incident.

On March 15, 2011, the plaintiff filed a complaint against the Estate of Kendrick Kevin Maurice, Christice Guillaume, Jackson Joseph, and Patricia Guillaume. As amended, the complaint alleged that on the date of the incident, Kendrick Kevin Maurice was driving a car, with the consent of the owners/lessors, and negligently caused the vehicle to spiral out of control and collide with a tree, killing Scott Thompson. The amended complaint asserted four counts against defendants as follows: Count 1, Negligence of Estate of Kendrick Kevin Maurice; Count 2, Vicarious Liability against Christice Guillaume; Count 3, Vicarious Liability against Jackson Joseph; and Count 4, Vicarious Liability against Patricia Guillaume.

Defendants Christice Guillaume, Jackson Joseph, and Patricia Guillaume together filed an Answer and Affirmative Defenses, wherein they asserted as their fifth affirmative defense that, "a settlement was reached by and between the Plaintiffs and certain Defendants, and to the extent of that settlement, this action is barred by the Doctrine of Accord and Satisfaction." The Estate of Kendrick Kevin Maurice filed its Answer and Affirmative Defenses, also asserting as its fifth affirmative defense that a settlement had been reached.

The plaintiff filed a "Motion for Summary Judgment as to Defendant, Estate of Kendrick Kevin Maurice's Fifth Affirmative Defense," asserting that there was no issue of material fact as to the Estate of Kendrick Kevin Maurice's fifth affirmative defense and that there had been no settlement between the parties, satisfaction and accord, agreement to settle, nor meeting of the minds. The plaintiff attached to the motion supporting affidavits in which he and his wife attested that no settlement had been reached prior to suit, and that no money had been paid.

The defendants moved for partial summary judgment, asserting that there was no issue of material fact as to their fifth affirmative defense because GEICO's responsive letter constituted an acceptance of the terms of the demand letter. The defendants attached to their motion a copy of the demand letter and the responsive letter with its attachments. At the same time, they filed their Motion to Enforce Settlement.

The trial court held a hearing on all three motions. The parties agreed that no checks had been cashed and that the release was never signed. The plaintiff argued that GEICO's responsive letter did not constitute an acceptance to the demand letter, because it sought to release Patricia Guillaume, a non-party at the time and a non-insured under GEICO's policy. The plaintiff also argued that the release contained objectionable

indemnification language and a hold harmless clause. The defendants asserted that they were entitled to request a release as part of their acceptance, and that there had been no correspondence from the plaintiff objecting to the release or its language.

The trial court entered its orders: (1) granting the defendants' Motion for Partial Summary Judgment; (2) granting the defendants' Motion to Enforce Settlement; and (3) denying the plaintiff's Motion for Summary Judgment as to the defendant, Estate of Kendrick Kevin Maurice's Fifth Affirmative Defense.

On appeal, the plaintiff argues that the trial court erred in finding that there was an enforceable settlement agreement between the parties and granting summary judgment in favor of the defendants. Specifically, the plaintiff argues, as he did below, that the defendants failed to demonstrate the plaintiff's assent to every essential element of the agreement because GEICO's proposed release contained objectionable and unusual terms, including extensive indemnification language not bargained for and the release of Patricia Guillaume, a non-insured, non-policy holder. Contrary to the defendants' position, we find that this issue was preserved for our review. *See Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court, and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.").

The granting of a motion for summary judgment is reviewed *de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is appropriate only where "there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c).

The burden is on the moving party to show "conclusively the absence of any genuine issue of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought." *Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985). "If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." *Id.*

Additionally, "[t]he interpretation of a written contract is a question of law and the appellate court construes the contract under a *de novo* standard of review." *Command Sec. Corp. v. Moffa*, 84 So. 3d 1097, 1099 (Fla. 4th DCA 2012) (quoting *Gilman Yacht Sales, Inc. v. FMB Invs., Inc.*,

766 So. 2d 294, 296 (Fla. 4th DCA 2000)) (internal quotation marks omitted).

"As settlement agreements are contractual in nature, they are interpreted and governed by contract law." *Barone v. Rogers*, 930 So. 2d 761, 763-64 (Fla. 4th DCA 2006) (citing *Cheverie v. Geisser*, 783 So. 2d 1115, 1118 (Fla. 4th DCA 2001)). "To be enforceable, a settlement agreement 'must be sufficiently specific and mutually agreeable as to every essential element.'" *Id.* at 764 (quoting *Long Term Mgmt., Inc. v. Univ. Nursing Care Ctr., Inc.,* 704 So. 2d 669, 673 (Fla. 1st DCA 1997)). As we explained in *Cheverie,* "[a]lthough the law favors settlement agreements and their enforcement whenever possible, the evidence must clearly demonstrate that there was mutual agreement to the material settlement terms." *Cheverie,* 783 So. 2d at 1119. Additionally, "[t]he making of a contract depends not on the agreement of two minds in one intention but on the agreement of two sets of external signs. A trial court's finding of a meeting of the minds must be supported by competent substantial evidence." *Id.* (internal citations omitted). As to the burden of proof, the party seeking judgment on the basis of settlement bears the burden of establishing assent by the opposing party. *Id.*

"Generally, the acceptance of an offer which results in a contract must be absolute and unconditional, identical with the terms of the offer, and in the mode, at the place, and within the time expressly or impliedly stated within the offer." *Cheverie,* 783 So. 2d at 1119. Therefore, acceptance of an offer "must contain an assent to the same matters contained in the offer." *Id.*

In *Cheverie,* the plaintiff's husband died as a result of injuries he sustained when the defendant collided with his automobile. 783 So. 2d at 1116. After several months of negotiations between the plaintiff's attorney and the defendant's insurer, Allstate, plaintiff filed a wrongful death action against the defendant. The defendant filed a counterclaim for declaratory relief, alleging that the parties had reached a settlement agreement for the defendant's insurance policy limits. The plaintiff disputed this claim, asserting that "there was no valid settlement agreement because there was no meeting of the minds on two essential terms: (1) indemnification language in the release proposed by Allstate; and (2) production of the policy limits affidavit." *Id.* at 1116-17.

In reversing the trial court's dismissal of the complaint, we concluded that the trial court's finding that the parties had reached an enforceable settlement agreement was not supported by competent, substantial evidence. We held that the indemnification language in the release

proposed by the defendant was a crucial term, and there was no evidence that the plaintiff agreed to the indemnification language. *Id.* at 1119. We stated, "[w]here the language of a release is disputed and the parties fail to reach an agreement as to the character, nature, or type of release to be used, an essential element of the agreement is not established." *Id.*

The plaintiff acknowledges that a release is implicit in an offer of settlement, as part of the procedure to effectuate the agreement. *See Erhardt v. Duff*, 729 So. 2d 529, 530 (Fla. 4th DCA 1999) (holding that "the execution of the release was implicit as part of the tender, and not an additional element of the agreement"). However, he contends that the parties in this case, as in *Cheverie*, failed to reach an agreement as to "the character, nature, or type of release to be used" and establish "an essential element of the agreement." *Cheverie*, 783 So. 2d at 1118.

Here, the plaintiff's settlement offer did not contain any indemnification language. Instead the offer enumerated a closed list of conditions, "complete performance of each of every one" of which would constitute acceptance by GEICO and the defendants. GEICO, however, conditioned its acceptance upon execution of a release that introduced broad indemnification language, thereby injecting a new "essential element of the agreement" into the pre-suit negotiations. Thus, GEICO did not assent to "the same matters contained in the offer." *See Cheverie*, 783 So. 2d at 1119. As such, GEICO's responsive letter was not a valid acceptance, but rather a counteroffer. *See Nichols v. Hartford Ins. Co. of the Midwest*, 834 So. 2d 217, 219 (Fla. 1st DCA 2002) (indemnification language is an essential term, requiring assent to form a settlement contract); *Knowling v. Manavoglu,* 73 So. 3d 301, 303-04 (Fla. 5th DCA 2011) ("[T]he release tendered by Allstate did not meet the dictates of the offer. The offer was expressly conditioned upon acceptance by performance, which included the provision of a 'ready for signature' release to settle the claim for bodily injury only. The tendered release purported to encompass all claims arising from the accident, and included indemnification language, a new term, not contained within the offer. . . . As such, the so-called acceptance was nothing more than a counter-offer, and the plaintiff was not bound by it in the absence of a manifestation of assent to the additional terms.").

Because the defendants failed to meet their burden to demonstrate mutual assent as to every essential element of the agreement, we reverse the orders enforcing the settlement agreement, granting summary judgment for the defendants, and denying the plaintiff's Motion for Summary Judgment as to the defendant Estate of Kendrick Kevin Maurice's Fifth Affirmative Defense.

*Reversed and Remanded.*

WARNER and MAY, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**