# Third District Court of Appeal

## State of Florida

Opinion filed July 28, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-203
Lower Tribunal No. 20-4468CC
_____

**Jose Tavarez,**
Appellant,

vs.

**Nu-Way Towing Service, Inc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Luis Perez-Medina, Judge.

Gulisano Law, PLLC and Michael Gulisano (Coral Springs), for appellant.

Hidalgo Law Firm, P.A., Marlin S. Muller, Edgar Gonzalez and Yanny J. Hidalgo, for appellee.

Before FERNANDEZ, C.J., and LINDSEY, and GORDO, JJ.

FERNANDEZ, C.J.

Jose Tavarez ("Tavarez") appeals the trial court's order granting a motion to dismiss in favor of Nu-Way Towing Service, Inc. ("Nu-Way"). We have jurisdiction to review orders that dismiss the entirety of a claim so that no further judicial labor is required. Gries Investment Co. v. Chelton, 388 So. 2d 1281, 1282 (Fla. 3d DCA 1980); State v. Saufley, 574 So. 2d 1207, 1208 (Fla. 5th DCA 1991) (suggesting that an order using the phrase "[T]he motion to dismiss is granted and the action is dismissed with prejudice" makes an order final and consequently appealable in both civil and criminal cases). Because Nu-Way failed to meet its burden of proving that Tavarez's counsel had a clear and unequivocal grant of authority to agree to and execute a settlement agreement on Tavarez's behalf, we reverse and remand for a determination on the issue of authorization.

On February 21, 2020, Tavarez filed a complaint seeking monetary damages following an allegedly non-consensual tow of his vehicle by Nu-Way. Michael Gulisano ("Gulisano"), Tavarez's attorney in the matter, sued Nu-Way on behalf of two other individuals in separate claims. On June 11, 2020, Nu-Way's counsel formally offered a global settlement of $5,500.00, whereby Tavarez and the two other individuals would each voluntarily dismiss their claims. On June 15, 2020, Gulisano responded to the offer by saying, "I accept the settlement offer $5,500." The two other individuals,

2

alongside Gulisano, signed a "Confidential Release of All Claims" which included the following provisions:

> This CONFIDENTIAL RELEASE OF ALL CLAIMS is made effective . . . ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED."
> Specifically included in this Release are any and all claims which RELEASOR may discover after the execution of this agreement which arise out of the ACTION or the INCIDENT.
> In entering into this Agreement, the Parties represent that they have had the opportunity to consult with their own legal counsel . . . that the terms of this Agreement have been completely read and explained to the Parties by their attorney; and that the terms of this Agreement are fully understood and voluntarily accepted by the Parties.

Tavarez, however, did not sign the release. On June 25, 2020, Gulisano informed opposing counsel that Tavarez would only sign the settlement agreement if the claim were to be increased by $575.40. On August 14, 2020, Nu-Way filed a motion to dismiss pursuant to settlement agreement and for sanctions, arguing that the settlement agreement was enforceable, stating that "Defendant offered $5,500.00 as a global settlement and Plaintiff accepted."

The trial court granted Nu-Way's motion to dismiss pursuant to a settlement agreement, finding that the parties approved and entered the "Confidential Release of All Claims and Global Settlement Agreement." The court found the agreement to be "valid, binding, and enforceable" and

3

dismissed the action with prejudice. Tavarez then appealed the trial court's order.

A trial court's decision construing a contract, such as a settlement agreement, presents an issue of law that is reviewed *de novo*. Platinum Luxury Auctions v. Concierge Auctions, LLC, 227 So. 3d 685, 687-88 (Fla. 3d DCA 2017). A trial court's final order dismissing a complaint with prejudice is reviewed *de novo*, construing all reasonable inferences from the allegations in favor of the appellant. Pizzi v. Town of Miami Lakes, 286 So. 3d 814, 815 (Fla. 3d DCA 2019).

Settlement agreements are governed by the law of contracts, meaning that the agreement must be sufficiently specific, and the parties must mutually agree to every essential element. Don L. Tullis & Assocs., Inc. v. Benge, 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985). A party seeking to compel enforcement of a settlement bears the burden of proving that an attorney has the clear and unequivocal authority to settle on the client's behalf. Sharick v. Se. Univ. of Health Servs., Inc., 891 So. 2d 562, 565 (Fla. 3d DCA 2004). Florida courts have applied a "strict standard of proof" in determining whether an attorney was authorized to settle a client's claim. Ponce v. U-Haul Co. of Fla., 979 So. 2d 380, 382 (Fla. 4th DCA 2008) (citing

4

Vantage Broadcasting Co. v. WINT Radio, Inc., 476 So. 2d 796, 797 (Fla. 1st DCA 1985)).

We conclude that the trial court erred in granting Nu-Way's motion to dismiss pursuant to the settlement agreement because Nu-Way failed to prove that Gulisano had clear and unequivocal authorization from Tavarez to accept and execute the global settlement agreement. Nu-Way asserts that the record reflects ample evidence that Gulisano was authorized to enter the global settlement agreement, claiming that the executed agreements, signed by the other two individuals and Gulisano, binds Gulisano as a "party" and a "releasor." In DeJour v. Coral Springs KGB, Inc., 293 So. 3d 501, 503 (Fla. 4th DCA 2020), an attorney entered into a settlement agreement, but his client had not signed the settlement agreement, nor did he execute a release. On appeal, the court reversed the trial court's order enforcing the agreement, finding that the party seeking enforcement failed to meet its burden of proving that the attorney had clear and unequivocal authority. Id. at 503-504. As in DeJour, nothing in the record on appeal indicates that Tavarez ever signed a settlement agreement or executed a release.

Nu-Way further relies on language in the agreements signed by the other two parties to the global settlement agreement that indicate that Gulisano had read and explained the agreement to all parties of the

5

settlement and that no further approval or consent is necessary for the performance of the obligations of the agreement. However, as this Court stated in Sharick, the employment of an attorney to represent a client does not give the attorney the authority to settle a client's claims. Sharick, 891 So. 2d at 565. An attorney's belief that he has the authority to settle does not alone establish such authority. Id. The record indicates that Tavarez refused to sign the settlement agreement unless his claim was increased by $575.40.

An unauthorized agreement executed by an attorney, unless subsequently ratified by his client, is of no effect. Ponce, 979 So. 2d at 382 (citing Nehleber v. Anzalone, 245 So. 2d 822, 823 (Fla. 4th DCA 1977). Tavarez refused to subsequently ratify the agreement that Gulisano entered. Accordingly, the agreement is of no effect.

Because Nu-Way failed to meet its burden of proving that Gulisano had a clear and unequivocal grant of authority to settle on Tavarez's behalf, we reverse the trial court's order granting Nu-Way's motion to dismiss pursuant to a settlement agreement and remand for a determination on the issue of authorization.

Reversed and remanded with instructions