DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY H. EVANS,**
Appellant,

v.

**JOSEPH A. DIAZ,**
Appellee.

No. 4D22-2733

[July 12, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE21020220.

Bradley P. Denniston of The Right Law Firm, P.A., Plantation, and Robert C. Dominguez of The Founders Law, P.A., Miami Lakes, for appellant.

Alyssa M. Reiter of Wicker Smith O'Hara McCoy & Ford, P.A., Fort Lauderdale, for appellee.

WARNER, J.

Appellant challenges an order enforcing settlement of his personal injury claim. The court found that the parties and their attorneys approved the settlement. Because the record did not contain any evidence that appellant approved the settlement, we reverse.

Appellant, the injured party, was represented by an attorney who engaged in settlement negotiations with the insurer, and the attorney agreed to settle appellant's case for $4,000. However, upon receipt of the settlement draft and release, appellant's counsel immediately called the insurer and told them that a mistake had been made, and appellant would not be accepting the draft or cashing the check. Instead, appellant filed suit a month later.

The insurer moved to enforce the settlement agreement, claiming that appellant had agreed to the settlement. In the motion, the insurer recited the back-and-forth settlement negotiations between appellant's attorney

and the claims adjuster, and attached to the motion a letter establishing that appellant's counsel represented appellant for the claim. The insurer also submitted an affidavit from its claims adjuster detailing his dealings with the attorney. The motion included no evidence, nor did the motion allege, that appellant had given authority to his attorney to settle for the $4,000 amount, or that the attorney had full authority to settle appellant's claim at any amount.

Appellant filed a response in opposition contending no accord and satisfaction had occurred. Rather, a misunderstanding had occurred as to the settlement offer. Appellant, who spoke another language, believed that his attorney had agreed to a $40,000 settlement, not a $4,000 settlement. He pointed out that his medical expenses from the incident exceeded $17,000 and he had incurred attorney's fees as well.

After a hearing on the motion, the court, apparently relying on the claims adjuster's affidavit and the motion, granted the motion to enforce the settlement. The order provided: "The Court finds that there was meeting of the minds. The terms were clear, and unambiguous. The offer was understood and accepted by both parties and their legal counsel." Appellant filed a motion for rehearing, attaching his affidavit in which he testified that he had not given his consent for his attorney to accept the $4,000 settlement on his behalf, but the court denied the motion for rehearing, resulting in this appeal.

Courts review settlement agreements under the principles of contract law. *Choate v. RySurg, LLC*, 330 So. 3d 936, 940 (Fla. 4th DCA 2021). Therefore, issues of contract interpretation and formation are reviewed de novo, while factual findings are reviewed for competent, substantial evidence. *Id.*; *see also Hamilton v. Fla. Power & Light Co.*, 48 So. 3d 170, 172 (Fla. 4th DCA 2010). Accordingly, the issue of whether there was mutual assent is reviewed for competent, substantial evidence, but the overall question of whether there was an enforceable settlement agreement is reviewed de novo.

While the appellant has not provided a transcript of the hearing on the motion to enforce the settlement, this is not fatal to appellate review when the error appears on the face of the record. *See Garrison v. Garrison*, 255 So. 3d 877, 878 (Fla. 4th DCA 2018) (providing that even without a transcript, "facially apparent errors from the record will result in reversal"); *see also MTGLQ Invs., L.P. v. Merrill*, 312 So. 3d 986, 993 (Fla. 1st DCA 2021) ("[*Applegate*] does not mean that absence of a transcript is always fatal to an appeal. Instead, the issue is whether the appeal turns on dispositive questions of fact that were, or could have been, established

only in the proceedings not transcribed.") (citing *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979)).

Here, the face of the record is clear that at the hearing on the motion to enforce settlement the court relied on the motion and affidavit of the claims adjuster in granting the motion. "[W]here a trial court's ruling is based entirely on written evidence, the appellate court is in the same position as the trial court in weighing the evidence." *Holmes v. Bridgestone/Firestone, Inc.*, 891 So. 2d 1188, 1191 (Fla. 4th DCA 2005).

While "settlements are highly favored and will be enforced whenever possible," *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985), "the evidence must clearly demonstrate that there was mutual agreement to the material settlement terms." *Thompson v. Estate of Maurice*, 150 So. 3d 1183, 1188 (Fla. 4th DCA 2014) (quoting *Cheverie v. Geisser*, 783 So. 2d 1115, 1119 (Fla. 4th DCA 2001)).

In *Nehleber v. Anzalone*, 345 So. 2d 822 (Fla. 4th DCA 1977), this Court articulated five rules of law to determine the enforceability of a settlement agreement where attorneys negotiate settlements on behalf of their clients:

> (1) A party seeking judgment on the basis of compromise and settlement has the burden of establishing assent by the opposing party. . . .
>
> (2) The mere employment of an attorney does not of itself give the attorney the implied or apparent authority to compromise his client's cause of action. . . .
>
> (3) An exception to the general rule is a situation in which the attorney is confronted with an emergency which requires prompt action to protect his client's interest and consultation with the client is impossible. . . .
>
> (4) A client may give his attorney special or express authority to compromise or settle his cause of action, but such authority must be clear and unequivocal. . . .
>
> (5) An unauthorized compromise, executed by an attorney, unless subsequently ratified by his client, is of no effect and may be repudiated or ignored and treated as a nullity by the client.

*Id.* at 822–23 (internal citations omitted); *see also DeJour v. Coral Springs KGB, Inc.*, 293 So. 3d 502, 504 (Fla. 4th DCA 2020) (quoting *Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002) ("A trial court's finding that there was a meeting of the minds must be supported by competent substantial evidence.").

Thus, to prove mutual assent to an attorney-negotiated settlement, the party seeking to enforce the settlement must prove that the opposing party's attorney had his or her client's "clear and unequivocal grant of authority" to negotiate on the client's behalf, or that the client subsequently ratified the unauthorized offer. *DeJour*, 293 So. 3d at 504 (quoting *Ponce v. U-Haul Co. of Fla.*, 979 So. 2d 380, 383 (Fla. 4th DCA 2008)). Otherwise, the appellate court is "required to reverse" an order enforcing that settlement. *Id.* (quoting *Ponce*, 979 So. 2d at 383). "[C]ourts have been very stringent in what they find to be a 'clear and unequivocal' grant of authority." *Weitzman v. Bergman*, 555 So. 2d 448, 449 (Fla. 4th DCA 1990).

Here, appellee had the burden of establishing "clear and unequivocal authority" that appellant had authorized his attorney to settle his case for $4,000. Appellee presented no evidence that appellant had granted his attorney authority to settle, nor did appellee demonstrate that appellant had subsequently ratified the settlement. Appellee relies mainly on the fact that appellant retained his attorney to pursue the claim, and the attorney presented appellee with a letter of representation. However, "[t]he mere employment of an attorney does not of itself give the attorney the implied or apparent authority to compromise his client's cause of action." *Nehleber*, 345 So. 2d at 823. The letter of representation neither explicitly nor implicitly asserts authority to settle on appellant's behalf. While negotiations occurred between the attorney and the claims representative, resulting in an agreement between them as to the settlement amount, without some act constituting ratification, the agreement is only "[a]n unauthorized compromise, executed by an attorney, . . . [which] is of no effect and may be repudiated or ignored and treated as a nullity by the client." *Id.*; *see also DeJour*, 293 So. 3d at 504.

Consequently, we reverse the order approving settlement, as appellee presented no evidence that appellant authorized or ratified the settlement to justify its enforcement.

*Reversed and remanded for further proceedings.*

MAY and GERBER, JJ., concur.

*        *        *

*Not final until disposition of timely filed motion for rehearing.*